BARBARA Y. KNOX *vs.* PAUL REMICK, JR.

Norfolk.    October 4, 1976. — December 8, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*Divorce,* Separation agreement, Modification of decree.  *Contract,* Separation agreement.

Where a trust agreement for child support was incorporated in a divorce decree, a Probate Court had the power to modify the decree with respect to child support. [434]

Discussion of the relationship of separation agreements and divorce judgments containing support orders. [434-438]

LIBEL for divorce filed in the Probate Court for the county of Norfolk on June 23, 1967.

A complaint seeking modification was reported by *Podolski,* C.J., to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Paul J. Sullivan* for Barbara Y. Knox.
*Stuart DeBard* for Paul Remick, Jr.

WILKINS, J.  A judge of the Probate Court for Norfolk County has reported (G. L. c. 215, § 13) a question concerning his power to modify a decree so as to require a divorced father to make increased payments for the support of his minor children. The decree of divorce provides that support of the minor children "is in accordance with a trust agreement dated June 12, 1967, filed herewith by the parties, which is incorporated and made part of this decree by reference, until the further order of the Court." The former wife, since remarried, sought an order increasing the husband's support obligations for their minor children. We conclude that the judge has the authority to order a modification of child support provisions in this circumstance.

The decree contained an order for the support of the minor children. The provision in the decree that support should be as provided in the separation agreement "until the further order of the Court" shows a clear intention on the part of the judge who entered the decree that the decree should and did contain an order for support of the minor children. However, we do not rest our decision on that language. The incorporation of the agreement into the decree was sufficient in itself to cause the decree to contain an order for support, which in turn could be modified. We so held recently in *Salvesen* v. *Salvesen,* 370 Mass. 608, 610-611 (1976), where we expressly disapproved a contrary view expressed in *Gunter* v. *Gunter,* 3 Mass. App. Ct. 729 (1975). Concern over the impact of the *Gunter* opinion on a Probate Court judge's power to modify a decree of the character involved in this case prompted this report. If our opinion in the *Salvesen* case did not dispel that concern, our continued adherence to the views there expressed should do so.[1] We answer the judge's question by stating that the decree contained an order for child support and, therefore, the judge is not precluded from modifying the support order, if he determines that such a modification is appropriate in the circumstances.[2]

Although what we have said is sufficient to dispose of the question reported, we think it appropriate to discuss the relationship of separation agreements and orders entered in connection with judgments of divorce.[3] The sub-

---

[1] The separation agreement contained a provision that "the court may be requested to enter a decree incorporating this agreement in lieu of orders relative to property, maintenance or alimony." We do not know what the judge was requested to do, but he did not omit a provision for support in his order, relying on the agreement to cover the subject. He made a specific order for support.

[2] This opinion should not be taken, however, to imply that the Probate Court lacks jurisdiction to order appropriate child support payments if a judgment nisi of divorce contains no order concerning child support. See *Kates* v. *Kates,* 347 Mass. 783 (1964).

[3] Under present practice, a decree nisi of divorce is called a judgment nisi of divorce. We shall refer to such decrees and judgments by the current designation.

ject is one of daily concern to the judges of the Probate Courts of the Commonwealth. Two other cases decided by us today involve the relationship of a separation agreement and a divorce judgment containing a support order. See *Ryan* v. *Ryan, ante,* 430 (1976), and *Ross* v. *Ross, post,* 439 (1976).

There is, of course, no conflict if a separation agreement was not intended to survive the entry of the divorce judgment. *Fabrizio* v. *Fabrizio,* 316 Mass. 343, 346-347 (1944). See *Whitney* v. *Whitney,* 316 Mass. 367, 370-371 (1944). In such a case, the support obligations of the parties are expressed only in the divorce judgment which is subject to modification on petition.

A Probate Court support order may be modified to require a lower payment than that agreed to between the parties in a separation agreement which is intended to survive a divorce judgment. *Wilson* v. *Caswell,* 272 Mass. 297, 301 (1930). The parties may not preclude a Probate Court judge from reducing the amount of support ordered to be paid, although the terms of the agreement may prompt a judge in his discretion not to modify the order. See *Oakes* v. *Oakes,* 266 Mass. 150, 152 (1929). Such a reduction in mandated support payments removes the threat of contempt proceedings against the obligated spouse to the extent of the reduction. On the other hand, although the mandated support may be reduced, the Probate Court judge has no authority to modify the agreement itself by reducing the obligated spouse's contractual commitment. *Schillander* v. *Schillander,* 307 Mass. 96, 98-99 (1940). See *Glazer* v. *Silverman,* 354 Mass. 177, 178 (1968). Thus, where a husband has obtained a reduction in his support obligation under a court order, the wife is entitled to recover in a contract action any difference between the amount he contracted to pay and the amount the judge has ordered him to pay. *Hills* v. *Shearer,* 355 Mass. 405, 408 (1969). *Freeman* v. *Sieve,* 323 Mass. 652, 656-657 (1949). *Welch* v. *Chapman,* 296 Mass. 487, 488 (1937). See *Whitney* v. *Whitney,* 316 Mass. 367, 370 (1944).

We consider next the consequences of a support order

which directs the payment of support in an amount in excess of that provided in a separation agreement. As we have held today, the terms of a separation agreement cannot bar a Probate Court judge in all circumstances from entering an order for payments in excess of those expressed in the separation agreement. *Ryan* v. *Ryan, supra* at 432, and cases cited. What then is the consequence of an agreement by one spouse to accept the support payments set forth in a separation agreement in full satisfaction of all future claims for support or of an agreement by one spouse to hold the other harmless from the consequences of a future increase in support obligations resulting from a court order? We have intimated that such agreements are valid and enforceable. See *Schillander* v. *Schillander,* 307 Mass. 96, 98 (1940). It is true that the principal authority relied on in making such a statement in the *Schillander* case is opinions of this court concerning separation agreements providing for support to be paid during marriage. See, e.g., *Aitchison* v. *Chamberlain,* 243 Mass. 16, 21 (1922). Perhaps the most outspoken of all these opinions is *Bailey* v. *Dillon,* 186 Mass. 244 (1904), where we declined to enforce specifically a separation agreement because the husband could set it up as a bar to separate support proceedings commenced by the wife in the Probate Court. We said (at 248) that the agreement would be a bar to the Probate Court proceedings "if [it] was understandingly entered into by [the wife], and is free from fraud and coercion, and is fair and reasonable . . . ."

We see no reason why parties to a separation agreement which anticipates that the marriage will be terminated by divorce may not agree to a permanent resolution of their mutual rights and obligations, including support obligations between them. If a judge rules, either at the time of the entry of a judgment nisi of divorce or at any subsequent time, that the agreement was not the product of fraud or coercion, that it was fair and reasonable at the time of entry of the judgment nisi, and that the parties clearly agreed on the finality of the agreement on the subject of interspousal support, the agreement concerning in-

terspousal support should be specifically enforced, absent countervailing equities. This has been the result indicated by this court numerous times in the past. See *Reeves* v. *Reeves*, 318 Mass. 381, 384 (1945), and cases cited.[4] Where, however, the Probate Court judge determines that one spouse is or will become a public charge, the judge may order support pursuant to his statutory authority, not specifically enforcing the separation agreement to the point where the separation agreement would be used to impose support obligations on the taxpayers of the Commonwealth. See *McMains* v. *McMains*, 15 N.Y.2d 283, 284-285 (1965). As indicated above, there may be other situations where a Probate Court judge will conclude in his discretion to deny the equitable relief on specific enforcement. For example, specific performance of an agreement concerning support payments might be denied where the plaintiff had not complied with some other provision in the separation agreement.

An agreement to fix a spouse's support obligation for minor children stands on a different footing. Parents may not bargain away the rights of their children to support from either one of them. *Ryan* v. *Ryan, supra* at 432, and cases cited. 2 J.F. Lombard, Family Law § 1258 (1967). However, an informed agreement made by the parents, allocating responsibility for support of a minor child, should be upheld as far as possible as between the contracting parties, assuming the agreement is free from fraud and coercion and was fair and reasonable at the time the divorce judgment was entered. But a Probate Court support order may recast the burden of support for a child, as expressed in a separation agreement, for example, where (a) a support order would be entered or modified, as the case may be, in the absence of such an agreement and (b)

---

[4] Such finality, after approval of the agreement by the judge and entry of judgment nisi, exists under the recently enacted so called nofault ("irretrievable breakdown") divorce statute. See G. L. c. 208, § 1A, inserted by St. 1975, c. 698, § 2. We do not consider here the consequences of such a divorce judgment and a separation agreement made and approved under that statute.

the level of available support for the child is inadequate in the circumstances because one former spouse is incapable financially of meeting his or her obligation for child support expressed in that agreement. Although the separation agreement will not be enforced specifically in that circumstance, the spouse whose support obligation is increased by the judge's order beyond that spouse's contractual obligation has a claim for breach of contract, which may have no practical current value because of the financial condition of the other spouse.

We believe that all aspects of the dispute between the former spouses should be resolved in one proceeding. If one spouse seeks modification of a support order so as to depart from the terms of the separation agreement, the other spouse should raise the availability of the separation agreement as a potential bar in the same proceeding. Probate Courts have jurisdiction over "matters of equity cognizable under the general principles of equity jurisprudence . . . ." G. L. c. 215, § 6, as appearing in St. 1973, c. 1114, § 63. Although rule 13 of the Massachusetts Rules of Civil Procedure, 365 Mass. 758 (1974) (concerning compulsory and permissive counterclaims), has not been adopted in the Massachusetts Rules of Domestic Relations Procedure (1975), rule 12 (b) of the rules of civil procedure, 365 Mass. 754 (1974), has been adopted in identical form in the rules of domestic relations procedure. That rule requires that every defense must be asserted in the defendant's responsive pleading. Because, as we view the status of a separation agreement, the agreement may be a bar to a petition for modification of a support order, the effect of that agreement should be raised in the Probate Court.

The case is remanded to the Probate Court for further proceedings consistent with our opinion.

*So ordered.*