Harriet Hirsch CRAMER
vs.
Lee HIRSCH

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

November 14, 1980

Bruce D. Clarkin for the plaintiff.
Samuel A. Marsella for the defendant.

Present: Larkin, J; McGuane, J; Cimini, J.*

LARKIN, J. This is an action of contract in which the plaintiff sought to recover child support payments from her former husband. The complaint sets forth that the parties entered into a contract under which the defendant agreed to pay to the plaintiff a certain sum of money per year per child in equal consecutive monthly installments and had failed to comply with the agreement for some nine months.

The defendant's answer admitted that a contract was entered into and that one of the terms of said contract was the payment of money to the plaintiff for such child support. The answer further admitted that the defendant had not paid the amount claimed by the plaintiff in her complaint. In purported defense to the plaintiff's action, the defendant's answer sets forth that following a hearing in the Probate Court of Hampshire County, the Court dismissed a petition brought by the plaintiff to change the name of the defendant's son to her present married name; that in spite of said action by the Probate Court, plaintiff has continued to use her present married name as the surname of the child for the purposes of school registration and in all other situations "contrary to the clear intent of the financial agreement and contract under which defendant had been paying support." Defendant's answer further sets forth that the Probate Court of Hampden County refused to act on a petition for contempt brought by the plaintiff against the defendant on the same claim and facts set forth in her present District Court complaint until such time as the child in question once again assumes his legal and proper surname.

On December 11, 1978, a hearing was held in the District Court of Springfield on

★Judge Cimini, now retired, was present at the oral argument but did not participate in the deliberations or preparations of this Opinion.

plaintiff's motion for summary judgment which had been previously filed.

In support of the motion the plaintiff filed an Affidavit which sets forth the following:

"In January of 1968, I entered into a contract with the Defendant whereby the Defendant, in Paragraph #2, agreed to pay to me, for child support the sum of Two Thousand Six Hundred Sixty-Six and 66/100 ($2,666.66) Dollars per year, per child, in equal monthly installments of Two Hundred Twenty-Two and 22/100 ($222.22) Dollars. The Defendant has failed to pay the above-described sums commencing in January, 1977, and terminating in September, 1977 for a total amount due of One Thousand Nine Hundred Ninety-Nine and 98/100 ($1,999.98) Dollars."

"I have, at all times, complied with the contract and the Defendant has no affirmative defense. There was a previous action commenced by me under this contract, and the Defendant was ordered to pay the sum of One Thousand One Hundred Fifty-Eight and 27/100 ($1,158.27) Dollars. A trial of this case would only serve to relitigate a case that has been tried already before this Honorable Court."

Defendant in opposition to plaintiff's motion for summary judgment filed an Affidavit which read as follows:

"In January of 1968, the Plaintiff, my former wife and I entered into an agreement in contemplation of and pursuant to a Probate Court divorce proceeding. The Plaintiff since the execution of the agreement has failed to comply with the terms of the agreement in that she has denied me my reasonable rights of visiting my son on and off the premises by refusing to permit me to see my son; has attempted to and has succeeded in alienating my son against me by her actions; has changed my son's name without my permission and has failed to comply with Section eight of the agreement by claiming medical expenses not encompassed in said section. In view of the fact that Plaintiff has failed to perform her contract faithfully with me, in consequence of that failure she should not now recover."

"Further on December 3, 1976, in an action in the Probate Court of Hampden County Plaintiff brought forth the same

claim as set forth in her complaint which claim was denied."

At the hearing on plaintiff's Motion for summary judgment there was no evidence introduced or presented other than the Affidavits. The Court on December 12, 1978, rendered the following decision:

Plaintiff's motion for Summary Judgment-Monetary child support provisions in an agreement by and between their parents are independent and unrelated to other non-monetary provisions therein. The non-monetary provisions if breached, do not have any effect on child support payments due thereunder.

Consequently, there being no genuine issue of any material fact to be determined, Judgment is ordered for the Plaintiff for $1,999.98 with interest as allowed by law.

We believe that the District Court was correct in allowing plaintiff's motion for summary judgment. We recognize that summary judgment is a procedural tool the use of which should be narrowly circumscribed and delimited to those areas where the facts admit of no dispute. See, e.g., **Baker v. Coca Cola Bottling Co. of Cape Cod,** 5 Mass. App. 217 (1977). Where there are factual matters of genuine dispute, it is clear that the trial by affidavit sanctioned by summary judgment is no substitute for the plenary procedures of a full-blown trial by judge or jury. See **Mass. R. Civ. P. 56,** 365 Mass. 824 (1974), **Community National Bank v. Dawes,** 369 Mass. 550 (1976).

On this record it is clear that the defendant raises a number of questions which present genuine issues of fact. However, on one fundamental matter — involving the prime focus of the District Court hearing — whether the defendant had made the support payments at issue — there is no real dispute. The defendant in his answer conceded that the payments sought to be collected and mandated by the underlying separation agreement had not been paid.

The thrust of the defendant's position is that putative acts of non-compliance, if not misconduct, on the part of the plaintiff should absolve him from the continuing obligation of making the support payments to the minor child. He contends that all of the provisions of the separation agreement must be viewed as integral parts of a cohesive and integral whole. He argues that the provisions are so intertwined and interrelated that non-compliance by his former wife with some requirements of the "contract", necessarily exculpates him from complying with other provisions of the agreement which, arguably, place reciprocal obligations on him. We do not agree.

We believe that the obligations to make the support payments to the minor child although embodied in an agreement which contains other correllative rights and obligations is separate and distinct from these other provisions. In sum, we believe that the obligation to furnish support payments to a minor child stands on a different footing than ancillary and quasi-cognate provisions.

It is clear by now that an agreement to fix and establish a spouse's support obligation for minor children occupies a special and distinct status from other provisions of the agreement. As the Supreme Judicial Court has recently held, "An agreement to fix a spouse's support obligation for minor children to support from either one of them." **Knox v. Remick** 371 Mass. 433, 358 N.E.2d 432 (1976); see also, **Binder v. Binder,** __ Mass. __, 390 N.E. 2d, 216 (1979).

This precise issue was recently before the Supreme Court of Colorado, which held that a parent's duty to support his or her child is not affected by the misconduct of the other parent with respect to rights of custody or allied matters. The Court held that the duty to support is created by the State Constitution and it continued to bind a Colorado father despite the violation by his wife of the terms of a custody decree. In **County of Clearwater, Minnesota v. Petrash,** 598 P.2d 138 (1979), the facts showed that the father had been awarded custody of the child in a Colorado divorce proceedings, but the child later joined the mother who had moved to Minnesota. The mother refused to return the child, thereby violating the custody decree. As a result of this action the husband ceased all payments for the child's support and the mother sued

to enforce the decree. At trial, the father sought to raise the violation of the separation agreement as a defense when Minnesota County officials brought a URESA action from a court in Colorado, seeking to mandate future continuing support payments from the father as well as to compel payment of all back payments. The Colorado court refused to allow such a defense, taking the position that the welfare of the child and the concomitant need of economic sustenance, is of such overriding significance that it renders irrelevant the comparative rectitude of the parents vis a vis other facets of the contractual arrangements inter se. The Court stated that: "The determination or enforcement of a duty of support owed to one obligee with rights of custody or visitation granted by a court are separate and distinct."/598 P.2d at 141.

We believe that both the result and rationale of the Colorado Supreme Court is correct and supports the action of the trial judge in the present case.

It is clear that if one of the parties to the separation agreement does not comport with its provisions, the aggrieved party is not without recourse. Since the Probate Court which entered the original decree retains jurisdiction of the matter and has a continuing capacity for revision, the non-offending party can return to that court and seek appropriate relief in the premises. Probate Court judges have a broad discretion on questions of whether to grant or deny specific enforcement of an agreement or to accord other equitable relief. "For example, specific performance of an agreement concerning support payments might be denied where the plaintiff had not complied with some other provisions in the separation agreement." Knox v. Remick, supra, at 434.

However we believe that the ultimate resolution of issues other than minor-child support payments should not prevent, preclude or retard, however briefly, the supervening obligation of the payments to the minor child. Of course, from the aspect of economy of judicial administration it would be desirable to have a resolution of all matters generated by the controversy at issue in one proceeding. See, Binder v. Binder, supra, at 265.

However the District Courts have jurisdiction to provide a forum for the swift and certain enforcement of delinquent support payments. Where other issues generated by a separation agreement may lurk the surface when a District Court Judge is confronted with a case of admittedly delinquent support payments, as was the situation in the instant case, these cognate issues may not render resort to the procedural tool of summary judgment misplaced.

For the above reasons we believe that there was no error and the report should be dismissed.

So ordered.
Frank J. Larkin, J.
Allan McGuane, J.