BETTY J. STANSEL vs. ARTHUR G. STANSEL.

Middlesex.  November 5, 1981. — March 5, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Divorce and Separation*, Separation agreement, Modification of judgment.

Probate judges have the power to modify support provisions in judgments of
divorce entered under G. L. c. 208, § 1A.  [511-512]

The term "merged" in G. L. c. 208, § 1A, is not used in its technical sense
and does not preclude survival of a separation agreement as an inde-
pendent contract after entry of a judgment of divorce.  [512-514]

A probate judge erred in refusing to enforce a separation agreement and in
modifying the support provisions of a judgment of divorce where the
only justification for the refusal to enforce the agreement was a change
in circumstances.  [514-516]

COMPLAINT for divorce filed in the Probate Court for the
county of Middlesex on May 26, 1978.

A complaint for modification filed on January 31, 1980,
was heard by *Lewis*, J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Edward M. Mahlowitz* for the defendant.

*Maryann K. Clark* for the plaintiff.

LYNCH, J.  The parties in this case were granted a divorce
under the provisions of G. L. c. 208, § 1A, a statute which
enables a couple to obtain a divorce, without alleging or
proving fault, on the ground of an irretrievable breakdown
of their marriage.  Prior to the divorce, the parties (both of
whom had retained counsel of their own choosing) entered
into a separation agreement.  The separation agreement di-
vided the marital property and obligated the husband to pay
support to the wife for a two-year period.[1]  The parties waived

[1] The three children of the marriage are adults and self-supporting; the
case presents no issue involving child support.

any further claims to each other's property. The separation agreement recited that it was intended to survive the entry of any divorce decree and to be binding on the parties thereafter.

On June 15, 1978, a judge of the Probate Court for Middlesex County entered an order finding an irretrievable breakdown, approving the separation agreement, and incorporating it into a judgment nisi which was to be entered, pursuant to G. L. c. 208, § 1A, on December 15, 1978. Judgment nisi entered on that date and, in accordance with the statute, ripened into judgment absolute of divorce on June 15, 1979. G. L. c. 208, § 21.

On January 31, 1980, before the support payments were to terminate, the wife (plaintiff) filed a complaint for modification seeking to continue her support payments. In a memorandum in opposition to the plaintiff's complaint, the defendant raised the separation agreement as a bar to modification. After a hearing, a second Probate Court judge, finding a change of circumstances, entered a judgment modifying the original judgment of divorce and ordering the defendant: (a) to continue support payments to the plaintiff for an additional three years; (b) to increase the amount of those payments; (c) to provide the plaintiff with medical and dental insurance coverage until she remarried; and (d) to pay the plaintiff's attorney's fees and costs. The defendant appealed the modification of the original judgment, asserting again that the separation agreement barred the plaintiff from obtaining the relief she sought and raising the further argument that judgments entered under G. L. c. 208, § 1A, are not subject to modification after a judgment nisi has entered.[2] We transferred the case to this court on our own motion. We reverse the modification judgment and reinstate the original judgment of divorce.

1. *Probate Court jurisdiction to modify judgments of divorce.* The defendant asserts that the Probate Court is

___

[2] In addition, the defendant sought a rehearing, and a stay of the modification pending appeal. These motions were denied without prejudice.

without jurisdiction to modify judgments of divorce entered under G. L. c. 208, § 1A. Section 1A provides in part that "[f]ollowing approval of [a separation] agreement by the court, but prior to the entry of judgment nisi, said agreement may be modified . . . at any time by agreement of the parties and with the approval of the court, or by the court upon the petition of one of the parties after a showing of a substantial change of circumstances; and the agreement, as modified, shall continue as the order of the court." G. L. c. 208, § 1A, as amended through St. 1979, c. 362, §§ 1, 2. The defendant argues that this language implies that the Legislature intended the Probate Court to have no power to modify the judgment *after* the entry of the judgment nisi.

We disagree. "Our decisions have held consistently that the power of a Probate Court to modify its support orders may not be restricted by an agreement between a husband and a wife which purports to fix for all time the amount of the husband's support obligation." *Ryan* v. *Ryan,* 371 Mass. 430, 432 (1976), and cases cited. See G. L. c. 208, § 37. If the Legislature had intended to limit a power of the Probate Court so firmly grounded in statute and precedent, it would have done so expressly and not merely by implication. Accordingly, we hold that the Probate Court has jurisdiction, in appropriate circumstances, to modify the support provisions of judgments of divorce entered under G. L. c. 208, § 1A, but that such circumstances do not exist in this case.

2. *Incorporation and merger of separation agreements.* The plaintiff's contention that the probate judge properly modified the original judgment of divorce rests largely on the language of G. L. c. 208, § 1A. That statute obligates parties seeking a divorce to present their separation agreement to the court, and requires the judge to make findings "as to whether or not an irretrievable breakdown of the marriage exists and whether or not the [separation] agreement has made proper provisions for custody, for support and maintenance, for alimony and for the disposition of marital property." G. L. c. 208, § 1A. If those findings

are in the affirmative, the statute states that "the court shall approve the agreement and [the agreement] shall have the full force and effect of an order of the court and shall be *incorporated and merged* into said order, and by agreement of the parties it may also remain as an independent contract" (emphasis supplied).  G. L. c. 208, § 1A.

In the instant case, the judge in the original divorce proceedings found affirmatively with respect to the facts specified in the statute, and the June 15, 1978, order for judgment "incorporated and merged" the parties' separation agreement into the judgment nisi, which subsequently became the judgment absolute of divorce.  The plaintiff argues that the term "merged," as used in both the statute and the order for judgment, should be given its technical meaning: "Where any separation agreement is . . . merged in a decree it becomes part of the decree and loses its status as a contract and does not survive so that no action may be brought upon the agreement either for specific performance or otherwise . . . ." J.F. Lombard, Family Law § 1263, at 338 (1967).  See *Hills* v. *Shearer*, 355 Mass. 405, 408 (1969); *Schillander* v. *Schillander*, 307 Mass. 96 (1940).  If a technical merger took place, the second Probate Court judge properly refused to specifically enforce the parties' separation agreement.

The plaintiff's contention is without merit.  That the Legislature, in enacting G. L. c. 208, § 1A, did not intend to use the term "merged" in its technical sense is clearly demonstrated by the phrase which follows that term in the statute.  If a separation agreement approved by the court and incorporated into an order for judgment were truly to be merged into that order, the separation agreement could not, "by agreement of the parties . . . also remain as an independent contract."

The separation agreement signed by the plaintiff and the defendant recites that "[n]otwithstanding the incorporation of this agreement in [the] decree [of divorce], the provision hereof shall not be merged in any such decree, but shall survive and be forever binding and conclusive on the Wife and on the Husband, and their respective heirs, successors, and

assigns." This clause manifests the parties' evident intention that the separation agreement survive incorporation into the judgment absolute of divorce and remain an independent contract. The statute specifically permits survival under such circumstances, and we hold that the parties' separation agreement therefore survived entry of the judgment absolute.

3. *Enforceability of the separation agreement in the Probate Court.* It is settled that agreements such as the one involved in the instant case, "when free from fraud and coercion and when fair and reasonable, are valid." *Reeves* v. *Reeves,* 318 Mass. 381, 384 (1945). Accord, *Knox* v. *Remick,* 371 Mass. 433, 436-437 (1976); 1 A. Lindey, Separation Agreements and Ante-Nuptial Contracts § 3(7) (2d rev. ed. 1978), and cases cited. "If a judge rules, either at the time of the entry of a judgment nisi of divorce or at any subsequent time, that the agreement was not the product of fraud or coercion, that it was fair and reasonable at the time of entry of the judgment nisi, and that the parties clearly agreed on the finality of the agreement on the subject of interspousal support, the agreement concerning interspousal support should be specifically enforced, absent countervailing equities." *Knox* v. *Remick, supra.*

Here, the judge who presided at the original divorce proceedings found specifically that "the Agreement makes proper provisions for custody, for support and maintenance, for alimony and for the disposition of marital property." The judge incorporated into the order for judgment the separation agreement itself, which recited that "[t]he Husband and the Wife declare that each has had independent legal advise [*sic*] by counsel of his or her own selection; that each fully understands the facts and has been fully informed of all legal rights or liabilities; that after such advise [*sic*] and knowledge, each believes the agreement to be fair, just and reasonable; and that each signs the agreement freely and voluntarily." The incorporated separation agreement further recited that "[t]he Husband and the Wife mutually release each other from any and all claims and demands, ex-

cept as otherwise herein provided," and that they "waive and relinquish any and all rights that they may have to share as spouse in the other party's estate, or to act as a legal representative thereof." We find nothing in the record to contradict these recitals.[3] Further, the plaintiff has not alleged fraud or coercion in the drafting or execution of the agreement.[4]

The party seeking a modification of a judgment of divorce normally must demonstrate "a material change of circumstances since the entry of the earlier judgment." *Schuler* v. *Schuler*, 382 Mass. 366, 368 (1981). See G. L. c. 208, § 37. Where, however, the parties have entered into a separation agreement that was fair and reasonable when the judgment of divorce entered, was not the product of fraud or coercion, and survives the judgment of divorce, something more than a "material change of circumstances" must be shown before a judge of the Probate Court is justified in refusing specific enforcement of that agreement.[5] We find that the probate judge who presided at the modification proceeding erred in denying the defendant's request to specifically enforce the separation agreement.

This court has noted two possible grounds on which a judge reasonably might rely in refusing specific performance of a properly pleaded separation agreement: that the spouse seeking the modification is or will become a public charge, or that the party raising the separation agreement as a bar has not complied with the provisions of that agreement.[6] *Knox* v. *Remick, supra* at 437. Accord, *Osborne* v.

---

[3] The two-year period of support agreed to by the plaintiff was suggested by the plaintiff's attorney.

[4] The plaintiff's attorney alluded to a possible claim of coercion during argument before us. Since this claim was not raised in the plaintiff's complaint or in the Probate Court proceedings, nor was it briefed, we do not consider it. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

[5] There is, of course, no question that the Probate Court had jurisdiction, under G. L. c. 215, § 6, to specifically enforce the separation agreement in the instant case. See *Glick* v. *Greenleaf*, 383 Mass. 290, 293-295 (1981).

[6] We are not here concerned with a modification of a judgment ordering support payments for minor children. An agreement fixing a spouse's

*Osborne*, 384 Mass. 591, 599 (1981). The two grounds discussed in *Knox* are perhaps not the only grounds on which a probate judge may base a refusal to specifically enforce a separation agreement in a modification proceeding. We hold, however, that any "countervailing equities" interposed by the party seeking to avoid the effect of the separation agreement must be at least as compelling as these two grounds if that party is to prevail. Only in extreme circumstances should a litigant who has properly raised a separation agreement as a bar to Probate Court modification proceedings be forced to bring a separate suit in another forum in order to vindicate his rights under that agreement.

The judge who granted the plaintiff's request for modification made no finding that the plaintiff is in danger of becoming a public charge; in any event, the record reveals that this is not the case. The plaintiff has not argued that the defendant has defaulted on any of his contractual obligations under the separation agreement. A mere "change in circumstances," as found by the probate judge who issued the order modifying the original judgment of divorce, does not justify depriving the defendant of the benefit of the bargain.

The modification judgment is reversed and the original judgment of divorce is reinstated.

*So ordered.*

---

support obligation for minor children "stands on a different footing" from an agreement fixing the obligation to support the other spouse. *Knox* v. *Remick*, 371 Mass. 433, 437 (1976).