Dissenting Opinion
Grabau, J.
dissenting: The other members of the panel have oversimplified the facts reported to the Appellate Division and disregarded important policy considerations raised by the denial of the defendant’s motion to dismiss for lack of subject matter jurisdiction.
The report of the motion judge contains a copy of the plaintiffs complaint, the defendant’s motion to dismiss, the Separation Agreement and the decree nisi of the Suffolk County Probate Court. The evidence of record indicates that the parties entered into the separation agreement on June 14,1974 and that the plaintiff (wife) waived all her rights to past, present and future alimony. The Agreement indicates that the parties had two minor children at the time of the agreement. The defendant agreed to pay child support in the amount of $30.00 per week for the two children under paragraph 2. Paragraph 7 provided for reasonable rights of visitation for the husband. The parties agreed in paragraph 8 to incorporate the agreement in the divorce decree and to have it survive as a contract.
On June 24,1974 the Probate Court judge entered a decree nisi which gave custody of the two minor children to the plaintiff (wife). The Separation Agreement was incorporated in the decree except for paragraph 2. The Probate Court judge substituted the Department of Public Welfare for the wife and thus ordered Mr. Ratchford to pay the Department of Public Welfare the $30.00 per week for child support. Paragraph 7 was also modified by the judge by ordering no visitation rights for the defendant.
There is no question that the plaintiffs complaint stated a cause of action in contract. I agree that the motion judge properly denied the motion under Mass. R. Civ. P., Rule 12(b)(6). But the motion to dismiss also raised the question of subject matter jurisdiction under Mass. R. Civ. P., Rule 12(b)(1). The suggestion that the allegation of a breach of contract in the complaint establishes district court jurisdiction does not adequately answer a challenge to subject matter jurisdiction.
It is well established that a question of subject matter jurisdiction can be raised at any time of the trial or the appeal process. Mass. R. Civ. P., Rule *105 12(h)(3) provides that “Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.” [emphasis supplied]
It is also recognized that jurisdictional issues ought to be disposed of before questions going to the merits of the case for logical as well as functional reasons. Ruggieri v. Somerville, 10 Mass. App. Ct. 43 (1980). Furthermore:
A ‘facial attack’ on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purpose of the motion. ... A ‘factual attack,’ however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.
Menchaca v. Chrysler Credit Corp., 613 F. 2d 507 (5th Cir. 1980)
Even if one of the parties failed to raise the issue of subject matter jurisdiction before trial or during the trial, “. . . it is our duty to consider jurisdictional questions on our own.” Goes v. Feldman, 8 Mass. App. Ct. 84, 85 (1979); Mastriani v. Building Inspector of Monson, 19 Mass. App. Ct. 989 (1985) (rescript).
The relationship between a separation agreement and a divorce judgment has been a recurrent question in the courts of the Commonwealth. It is well settled in the case law that a separation agreement between husband and wife as to interspousal support should be specifically enforced if it is the intent of the parties that the agreement survive the judgement nisi. Knox v. Remick, 371 Mass. 433 (1976); Moore v. Moore, 389 Mass. 21 (1983); Randall v. Randall, 17 Mass. App. Ct. 24 (1983). However, agreements relating to child custody and support “stand on a different footing” and “a Probate court order may recast the burden of support for a child, as expressed in a separation agreement... .” Knox v. Remick, supra at 437.
The issue in this case is new in two respects. First, the decree nisi only partially incorporated the provisions of the separation agreement. Second, it was not the amount of child support that was changed by the Probate judge but the party to whom the child support was to be paid.
The intent of the Probate judge as to paragraph two is clear. He intended to compel Mr. Ratchford to make child support payments to the Department of Public Welfare because his children were receiving public support. The effect of the contract provisions which “survived” the incorporation and substitution of parties may mean if the other panel members are correct, that Mr. Ratchford had an independent and simultaneous obligation to pay Mrs. Ratchford $30.00 per week. If this is correct, we must, therefore, infer that the defendant had the financial ability to make both payments totaling $60.00 per week. I do not think the judge intended this result in light of Mrs. Ratchford being on welfare. If Mr. Ratchford could have afforded $60 per week in child support payments, the judge would have ordered the payments to be paid to the Welfare Department.
We must recognize the Probate Court’s continuing jurisdiction regarding the welfare of minor children under G.L.c. 208. §§28 and 36A and G.L.c. 215, §6. The important difference between the separation agreement in Moore v. Moore, 389 Mass. 21 (1983) and the one the Ratchfords entered into was that the former made provisions for alimony and the latter only provided for child support. It is clear that “Provisions fixing interspousal support in a separation agreement should be specifically enforced, in the absence of countervailing equities, if the agreement was clearly intended by the parties *106 to be final on the subject of in terspousal support... ” Randall v. Randall, 17 Mass. App. Ct. 24, 29 (1983). The separation agreement before the motion' judge in the instant case demonstrated that Mrs. Ratchford was being supported by the taxpayers of the Commonwealth. “Where, however, the Probate judge determines that one spouse is or will become a public charge, the judge may order support pursuant to his statutory authority, not specifically enforcing the separation agreement to the point where the separation agreement would be used to impose support obligations on the taxpayers of the Commonwealth.” Knox v. Remick, 371 Mass. 433, 437 (1976); Stansel v. Stansel, 385 Mass. 510, 515-516, n.6 (1982).
The other members of the panel choose to characterize the ruling of the motion judge as interlocutory. Reference is made, improperly, to plaintiff-appellee’s brief where we are informed that the case went to trial. The majority erroneously focuses on the trial: “. . . what is important and what ought to be subject to appellate scrutiny, is what happened at trial.” This approach completely disregards the fact that this case should never have gone to trial. The defendant presented sufficient facts before the motion judge to call the problem of subject matter jurisdiction to the court’s attention under Rule 12(h)(3). He properly preserved his rights to appeal that issue to this Appellate Division.
The facts and issues raised by the report clearly involve the “countervailing equities” referred to in Randall, supra, as being within thejurisdictionofthe Probate Court under its power of equity. I would vacate the judgment of the trial judge, reverse the ruling of the motion judge and order him to transfer the case to the Probate Court where the judge who entered the decree nisi still sits. This would be in keeping with the guidelines suggested in Konstontopoulos v. Town of Whately, 384 Mass. 123 (1981).