JUDITH KNOWLES GALLERANI *vs*. THOMAS L. GALLERANI. May 27, 1987. *Divorce and Separation,* Separation agreement, Modification of judgment, Alimony. *Contract,* Separation agreement.

This case is controlled in important respects by our decision in *DeCristofaro* v. *DeCristofaro, ante* 231 (1987), where we held (at 238) that a provision in a separation agreement that it be "merged" into a subsequent judgment of divorce did not necessarily require a conclusion that the agreement did not survive the judgment as an independent contract where there are contrary indications of intent, express or implied, in the agreement.

Implicit in the judge's findings is the conclusion that a reading of the entire agreement shows the parties intended it to survive the judgment.[1] The agreement was comprehensive and detailed (the judge aptly described it as "meticulously specific in its detail"). The preamble recited that the agreement was intended to "settle between [the parties] all questions pertaining to their respective property rights [and] support." Provisions were made for a division of all the parties' property and for alimony (no children were born of the marriage) payable over a period of seven years. The judge described the alimony as "rehabilitative alimony"; it might as well be viewed as lump sum alimony, payable over a period of years. The only event which would terminate the husband's obligation for alimony would be the wife's death. Alimony payments were to be secured by insurance on the husband's life. The husband's obligation was fixed: "[T]he amounts of alimony payable in accordance with the schedule set out in this section shall never exceed the annual or total amounts shown." — "Other than as stated above, the Husband will not be liable for the payment of

---

[1] There is no contention that the agreement was the product of fraud or coercion or that it was not fair and reasonable when made. See *Dominick* v. *Dominick,* 18 Mass. App. Ct. 85, 91 (1984) and cases cited.

Rescript Opinions.

alimony nor support in any other way, shape or form, from the date of this agreement."[2] In light of these persuasive contrary indications of intent, there was no error in failing to give conclusive technical effect to the use of the word "merged" in the agreement so as to extinguish it as an independent contract. See *DeCristofaro* v. *DeCristofaro, supra* at 238-239.

The husband sought modification to eliminate his alimony obligation on the ground of the wife's remarriage (the husband had also remarried.)[3] As noted, the only event recognized in the separation agreement as triggering the cessation of alimony payments was the death of the wife.[4] In the circumstances, there was no abuse of discretion in the refusal of the judge to modify the judgment of divorce.[5] See *Knox* v. *Remick,* 371 Mass. 433, 435 (1976).

The award of counsel fees and expenses rests in the sound discretion of the judge. The husband does not challenge the amount of the awards, the time spent by counsel for the wife or the husband's ability to pay the awards but only the fact that the awards were made at all in light of the wife's financial condition. Our review of the record before us, which does not contain the affidavit of the wife's counsel in support of his request, shows no abuse of discretion. See *Caldwell* v. *Caldwell,* 17 Mass. App. Ct. 1032, 1035 (1984).

*Judgments affirmed.*

*Stephanie Pax Flanigan* for the defendant.
*Richard L. Curley* for the plaintiff.

---

[2] When considered in light of these provisions, the husband's argument that the agreement was technically merged in the judgment, see *Stansel* v. *Stansel,* 385 Mass. 510, 513 (1982), so as to permit the downward modification of his obligations, is disingenuous.

[3] The wife filed a complaint for contempt after the husband ceased making payments. The husband countered with a complaint for modification.

[4] On appeal, the husband points to conflicting testimony of the parties with respect to the effect of the remarriage of the wife. The judge declined to consider that evidence, concluding that the agreement was unambiguous. In his trial memorandum, the husband urged the judge to take just that position. He will not now be heard to argue to the contrary. See *Trustees of the Stigmatine Fathers, Inc.* v. *Secretary of Admn. & Fin.,* 369 Mass. 562, 565 (1976). In any event, there was no error. "[T]he agreement shows on its face that it was intended by the parties as a statement of their complete agreement." *Freeman* v. *Sieve,* 323 Mass. 652, 654 (1949).

[5] The husband makes no argument that he is unable to pay the alimony called for in the agreement. Rather, he argues that the judge erred as matter of law in failing to terminate his alimony obligations because of (1) the wife's remarriage alone or (2) that fact plus the wife's alleged favorable change in financial circumstances.