WARREN MANSUR *vs.* ANN CLARK
(and a companion case).

No. 87-227.

Essex.   November 18, 1987. — April 15, 1988.

Present: ARMSTRONG, BROWN, & KASS, JJ.

*Divorce and Separation,* Separation agreement, Modification of judgment. *Contract,* Separation agreement. *Contempt.*

A Probate Court judge correctly dismissed a wife's complaint for contempt alleging that her former husband was some $900 in arrears on his alimony payments and had failed to meet his obligation to either insure or pay for her medical and dental expenses, where the husband's obligation to pay alimony arose exclusively from the parties' separation agreement and was not the subject of a court order. [620]

A Probate Court judge correctly dismissed a husband's complaint seeking modification of his alimony obligation where, in the absence of any court order relative to alimony, the husband's effort to achieve modification was directed to the alimony obligation imposed by the parties' separation agreement itself. [620-621]

LIBEL for divorce filed in the Probate Court for the county of Essex on January 30, 1975.

A complaint for modification, filed on July 3, 1986, and a complaint for contempt, filed on August 8, 1986, were heard by *Mary McCauley Manzi,* J.

*David E. Cherny* for Warren Mansur.

*Mary P. Harrington* for Ann Clark.

ARMSTRONG, J. These are appeals from two judgments of dismissal entered in a Probate Court, one dismissing the former wife's complaint for contempt (which alleged that the former husband was in arrears on his alimony payments), the other dismissing the former husband's complaint for modification (which alleged that the former wife was living with another man in a de facto marital relationship and that she no longer

needed support from the former husband). While the agreed statement of the record is not crystal clear in this respect, we interpret it to mean that no evidence was received, whether by testimony, affidavits, or representations of counsel, and that the orders of dismissal were entered purely as matter of law.

The circumstances were these. On December 1, 1975, the parties, both represented by counsel, executed a separation agreement which made comprehensive provision for alimony, child support, custody, and property division. The agreement was to survive and be "forever binding and conclusive upon the parties," whether incorporated or not in the divorce judgment. The following day the judgment nisi was entered. It referred to the agreement, stating that it had been exhibited to the court but not filed and that it was not merged in the judgment or incorporated therein. No separate provision was made for alimony: rather, it was "ordered that alimony and the economic rights and responsibilities of the parties . . . are as provided for in [the a]greement."

The use of the word "ordered" cannot be read as having incorporated the provisions of the separation agreement in the judgment, when incorporation is expressly negated in the same sentence. Compare *Stansel* v. *Stansel*, 385 Mass. 510, 513 (1982). The word "ordered" here obviously means nothing more than "provided," and the passage as a whole is simply an explanation by the judge why he was *not* making provision in the judgment for alimony, child support, and the like.

The present actions were commenced eleven years later. First filed was the husband's complaint for modification, which alleged that the children were emancipated, that the wife was living in a de facto marital state with another man, and that she enjoyed abundant income and had no need whatever of support from him (i.e., the former husband). The wife pleaded the separation agreement as a bar to modification. See *Knox* v. *Remick*, 371 Mass. 433, 438 (1976). She also filed her complaint for contempt, alleging that the husband was $900 in arrears, at least, on his alimony payments and had failed to meet his obligation to either insure or pay for the wife's medical and dental expenses. In his answer the husband raised what was

in effect a counterclaim seeking modification of the divorce judgment to be "consistent with the terms of the . . . separation agreement."

The probate judge was correct, for the reasons she gave, in dismissing the complaint for contempt. Contempt does not lie for violating an agreement as such but only for violating a court order. Here, the husband's obligation to pay alimony arose exclusively from the separation agreement; it was not the subject of a court order.

The husband's complaint for modification presents a more complicated picture. Originally it sought modification of the alimony provisions of the judgment of divorce and was predicated on an assertion that the judgment had incorporated the terms of the separation agreement. That assertion was amended out of the complaint, however, and the husband thereafter took the position, correctly, that no order relative to alimony was in effect. His effort to achieve modification was thus directed to the alimony obligation imposed by the separation agreement itself.

It seems undisputed that a court has no authority to modify the obligations voluntarily undertaken by the parties to a separation agreement. *Schillander* v. *Schillander*, 307 Mass. 96, 98 (1940). *Glazer* v. *Silverman*, 354 Mass. 177, 178 (1968). *Knox* v. *Remick*, 371 Mass. 433, 435 (1976). *Moore* v. *Moore*, 389 Mass. 21, 23-24 (1983). The "countervailing equities" (*Knox* v. *Remick*, at 437) that the husband alleges he can establish are usually understood to have a different legal significance from that contended for by the husband: i.e., if shown, they would justify a Probate Court in establishing (or varying) court-ordered alimony notwithstanding a finality provision in the parties' separation agreement. See *Knox* v. *Remick*, 371 Mass. at 436-438; *Stansel* v. *Stansel*, 385 Mass. at 515-516; *DeCristofaro* v. *DeCristofaro*, 24 Mass. App. Ct. 231, 235-237 (1987). Such a variation is said not to alter the rights of the parties under the agreement, which may still be sued upon in an action at law[1] to recover any difference between alimony

---

[1] Under present law that action is not cognizable in the Probate Court, see *Binder* v. *Binder*, 7 Mass. App. Ct. 751, 760 (1979), although a unified

paid under the court order and that agreed to as final between the contracting parties. *Knox* v. *Remick*, at 438. *DeCristofaro* v. *DeCristofaro*, at 236-237. *Ratchford* v. *Ratchford*, 397 Mass. 114, 116 (1986).

There is a suggestion in *Schillander* v. *Schillander*, 307 Mass. at 99, that a paying spouse having as a result of changed circumstances difficulty meeting his contractual obligation of support under a separation agreement may seek an allowance of alimony from the recipient spouse. There is, however, nothing in the husband's complaint, even as amended, or in his brief here, that suggests that the husband was seeking relief of that type.[2]

As the Probate Court was powerless to give the relief sought in the modification complaint, it also was properly dismissed.

*Judgments affirmed.*

---

trial may be achieved through the mechanism described in *Glick* v. *Greenleaf*, 383 Mass. 290, 295 n.7 (1981), and *Konstantopoulos* v. *Whately*, 384 Mass. 123, 129-130 (1981).

[2] The successive claims implicit in the *Knox* v. *Remick* and *Schillander* cases could most efficiently be telescoped into a single proceeding if the Legislature were to enlarge the types of postdivorce controversies cognizable in the Probate Courts, see the second paragraph of G. L. c. 215, § 6, as appearing in St. 1975, c. 400, § 55 (which speaks of "controversies over property"), to include exclusive jurisdiction over all controversies, both legal and equitable, concerning spousal or child support.