GYDA K. WINSLOW vs. EDGAR W. WINSLOW. No. 87-1209. November 22, 1988. *Divorce and Separation*, Separation agreement.

In 1964 the parties entered into a separation agreement that made provision comprehensively for custody of the children and support for them and their mother, the plaintiff. The defendant was to pay a monthly sum for support which varied with the children's stages of development but would settle at $300 per month after the last of the children had reached age twenty-two, as is now the fact. This fixed support obligation was to survive any divorce modification judgment, *DeChristofaro* v. *DeChristofaro*, 24 Mass. App. Ct. 231, 236-238 (1987), surviving even the death of the defendant (through a trust arrangement), unless the plaintiff should remarry (she did not). The support obligation was, in other words, intended by the parties to be a contractual obligation absolute in nature, subject only to the condition mentioned (and, presumably, to ordinary contract defenses). No exception is made, explicitly or implicitly, for adjusting the obligation to reflect alternative sources for the plaintiff's support. It was therefore error, in this action to declare the parties' rights and duties under the contract, to permit the defendant to offset against his contracted-for support obligation any social security payments the plaintiff might receive as a result of 42 U.S.C. § 402(*b*) (1982), providing that a wife divorced after a marriage of ten years should be eligible for a social security allowance equal to one half the allowance to which her former husband is entitled. *Cohen* v. *Murphy*, 368 Mass. 144 (1975), did not deal with a support obligation fixed by contract but with one fixed by a divorce judgment, to which different considerations applied. *Id.* at 147. See also *Knox* v. *Remick*, 371 Mass. 433, 434-437 (1976); *Binder* v. *Binder*, 7 Mass. App. Ct. 751, 757-761 (1979). The judge, of course, had no authority to modify the provisions of the separation agreement. *Mansur* v. *Clark*, 25 Mass. App. Ct. 618, 620 (1988).

The case is remanded for modification of numbered pars. 1 and 2 of the judgment in accordance with this opinion. As so modified, the judgment is affirmed.

*So ordered.*

*Cynthia A. Spinola* for Gyda K. Winslow.
*Edward J. Lapointe* for Edgar W. Winslow.