RUTH M. FLEMING *vs.* EDMUND E. FLEMING. No. 91-P-1052. March 11, 1993. *Jurisdiction*, Probate Court, Specific performance, Equitable. *Contract*, Separation agreement, Specific performance. *Divorce and Separation*, Separation agreement. *Practice, Civil*, Attorney's fees.

1. This action seeks specific performance of a separation agreement which was neither merged nor incorporated in a subsequent judgment of divorce. The divorce judgment did not purport to cover financial matters. Contrary to the husband's contention, the Probate Court has jurisdiction. See *Lorant* v. *Lorant*, 366 Mass. 380, 386 (1974); G. L. c. 215, § 6. Specific performance lies where repeated actions to recover monthly damages as they are incurred would be needed. The remedy at law is not adequate. *Sanford* v. *Boston Edison Co.*, 316 Mass. 631, 634-635 (1944). Contrast

*Mansur* v. *Clark*, 25 Mass. App. Ct. 618, 620 n.1 (1988)(contract action for sole purpose of collecting arrearages under a separation agreement is an action at law not cognizable in the Probate Court).

2. In view of our determination that the remedy at law is inadequate, the denial of the husband's motion to file an answer, even if erroneous, was in no way prejudicial. The only claims of the husband which were barred by the denial concerned his contention that the Probate Court lacked jurisdiction to entertain the wife's complaint for specific performance.

3. The judgment must, however, be modified to conform with the agreement. The language of section 6.4 of Article Sixth of the agreement specifically applies to sections 6.1 and 6.2 and does not purport to apply to section 6.3. Moreover, section 6.4 specifically limits the cost of living adjustment to $350 of the $700 payment under section 6.1 and to the $350 designated as child support under section 6.2. In view of the limitations contained in section 6.4, and the omission of any reference to the payments under section 6.3, we read section 6.4 as not providing a cost of living increment for the alimony payments under section 6.3. Accordingly, paragraph 1 of the judgment is modified to provide that the defendant shall pay $26,150, the amount of arrearages without the cost of living adjustment, plus interest.

4. The judgment is also modified by deleting paragraph 2, which provides for attorney's fees. There does not seem to be statutory authority for such fees. See *United Tool & Indus. Supply Co.* v. *Torrisi*, 359 Mass. 197, 199 (1971); *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 71-72 (1977).

As so modified, the equity judgment of June 22, 1990, ordering specific performance by the husband of all the terms of the separation agreement is affirmed. Neither party shall have costs of the appeal.

*So ordered.*

*Karen R. Galat* for Edmund E. Fleming.
*Margot A. Clower* for Ruth M. Fleming.