EVELYN M. PREMO *vs.* ALBERT F. PREMO. MARCH 6, 1995. *Divorce and Separation*, Modification of judgment, Foreign judgment. *Constitutional Law*, Full faith and credit. *Moot Question. Practice, Civil*, Moot case.

The plaintiff former wife (wife) commenced this action against her former husband seeking, in count one, to reopen the question of the equitable division of the marital estate which had been decided by agreement and incorporated in a judgment at the time of their divorce in Maryland. She alleged in count two that she was a resident of the Commonwealth and lacked adequate means to support herself, and thus she was entitled to support from her former husband. By an agreement that was incorporated in the Maryland divorce judgment the wife irrevocably, under Maryland law, waived her right to support. See Md. Code Ann., Fam. Law § 8-103 (1991); *Goldberg* v. *Goldberg*, 290 Md. 204, 212-213 (1981). In effect, the wife sought by count two of her complaint a modification of the support determination expressed in the Maryland judgment. A judge of the Probate and Family Court dismissed the complaint without explanation.

The Appeals Court, in an unpublished decision, see *Premo* v. *Premo*, 36 Mass. App. Ct. 1101 (1994), affirmed the dismissal of the count seeking a redetermination of the division of marital property but remanded count two concerning support, taking the view that where important interests of the Commonwealth are involved, full faith and credit need not be given to the Maryland judgment, even if it is not subject to modification under Maryland law. Under Massachusetts law, a judge may order that support be paid to a former spouse who would otherwise be obliged to seek public assistance, even if such an order is contrary to an agreement concerning support payments made at the time of the divorce. *O'Brien* v. *O'Brien*, 416 Mass. 477, 479 (1993). *Knox* v. *Remick*, 371 Mass. 433, 437 (1976). The husband, now a resident of the Commonwealth, argues that the Commonwealth may not impose such a support obligation on him because the obligation was terminated under the agreement that was incorporated in (and survived) the Maryland judgment, to which, he argues, the Commonwealth must give full faith and credit.

We granted the parties' applications for further appellate review. We agree with the Appeals Court's conclusion that affirmed the dismissal of count one of the complaint, and we need not add to its reasoning.

As to count two concerning an order for support in spite of the Maryland judgment, it appears, from information counsel has made available subsequent to the Appeals Court decision, that (1) the wife no longer is present in Massachusetts, (2) she appears to have a domicil elsewhere, and (3) in any event, her income from disability payments is now such that she is not eligible for public assistance. This moot question of Federal constitutional law is not one on which we should state an opinion. See *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 784 (1984) ("We are aware of no case in which this court has been willing to answer a constitutional question that was moot"). But see *Murphy* v. *Commissioner of the Dep't of Indus. Accidents*, 415 Mass. 218, 222 n.5 (1993) (same constitutional challenge pending in trial court and likely to recur many times; constitutional question answered).

The judgment is affirmed as to count one of the complaint. The judgment as to count two is vacated, and judgment shall be entered dismissing count two as moot and not on the merits.

*So ordered.*

*Albert I. Gould* (*Cheryl Handley* with him) for Evelyn M. Premo.
*Philip R. Olenick* for Albert F. Premo.