Houston, J.
INTRODUCTION
This action arises out of the alleged unauthorized dissemination of the plaintiff/defendant-in-counterclaim Christine Murray’s medical records. Ms. Murray brought claims against the defendants, the Lahey Clinic and her former husband Theodore Murray, for invasion of privacy in violation of M.G.L.c. 214, §1B and negligence. Mr. Murray then brought counterclaims alleging breach of the separation agreement, breach of the modification of the separation agreement and abuse of process.
Now before the court is Ms. Murray’s motion to dismiss these counterclaims. For the reasons set forth below, the motion is ALLOWED.
BACKGROUND
Ms. Murray received medical treatment at the Lahey clinic from 1991 until 2000, and received psychiatric treatment there in 2000. Also in 2000, Mr. Murray filed for divorce. The divorce became final on August 8, 2001. A separation agreement, also dated August 8, 2001 and signed by the Murrays, sets forth several provisions which by the terms of the separation agreement and the Judgment of Divorce Nisi was incorporated and merged in the Judgment.[2]
In December 2001, Ms. Murray and several of her acquaintances and neighbors received packages of mail containing records of Ms. Murray’s psychiatric and gynecological treatment at the Lahey Clinic. Ms. Murray filed an original complaint against the Lahey Clinic and then later amended her complaint to add Mr. Murray as a defendant. As support for her allegation that Mr. Murray played a role in the dissemination of her medical records, Ms. Murray points out that Mr. Murray was a snowplower and landscaper at Lahey for fifteen years and his sister-in-law, Laura Murray, also worked at the Lahey Clinic. According to clinic records Laura Murray has access to Ms. Murray’s records. Through affidavit testimony, Laura Murray denies having given Ms. Murray’s records to Mr. Murray, but states that she heard Mr. Murray say he had obtained the records and was intending to disseminate them.
Mr. Murray answered the amended complaint and filed counterclaims against Ms. Murray alleging breaches of the separation agreement and abuse of process. Ms. Murray now moves to have the counterclaim dismissed.
DISCUSSION
I. Counts I and II: Breach of Separation Agreement and of Modification of Separation Agreement
Count I of Mr. Murray’s counterclaim generally alleges violations of Exhibit “A” of the separation agreement: the “Parenting Plan.” Count II alleges violations to the modification of the parenting plan. Ms. Murray contends that these counts must be dismissed for lack of subject matter jurisdiction pursuant to Mass.R.Civ.P. 12(b)(1), arguing that they must be brought in the Probate and Family Court Department.
“If an agreement does not survive a judgment of divorce, that is, if it is merged in the judgment in the technical sense, the agreement loses its identity; it retains no independent legal significance apart from the judgment.” DeCristofaro v. DeCristofaro, 24 Mass.App.Ct. 231, 235 (1987), citing Knox v. Remick, 371 Mass. 433 at 435 (1976); Stansel v. Stansel, 385 Mass. 510, 513 (1982); Gottsegen v. Gottsegen, 397 Mass. 617, 619 (1986).
In the present case, the agreement was merged into the Judgment of Divorce Nisi, with the exception of provisions not at issue here. As such, the agreement retains no independent legal significance and cannot be the basis of a claim for breach of the agreement. Any failures of either party to comply with the parenting plan is a failure to comply with the Judgment of Divorce Nisi. If Mr. Murray feels that Ms. Murray had failed to comply with the judgment he may bring an action for contempt in the Probate and Family Court Department: M.G.L.c. 215, §34. Accordingly, Counts I and II of Mr. Murray’s counterclaim are dismissed.
II. Count III: Abuse of Process
In Count III of his counterclaim, Mr. Murray alleges that Ms. Murray had no reasonable basis to believe that Mr. Murray had been in possession of or has disseminated her medical records and that Ms. Murray’s assertion of claims against him were an abuse of process. Ms. Murray seeks dismissal of this count pursuant to Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.
Pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations of *541 the complaint, as well as any inference that can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1991). The complaint should not be dismissed unless it appears clear, beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977).
The essential elements of the tort of abuse of process are “(1) process was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage.” Vittands v. Sudduth, 49 Mass.App.Ct. 401, 405 (2000), citing Kelley v. Stop & Shop Cos., 26 Mass.App.Ct. 557, 558 (1988), quoting from Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986). That the person commencing the litigation knew or had reason to know her claim was groundless is relevant to show that the process was used for an ulterior or illegitimate purpose. Fishman v. Brooks, 396 Mass. 643, 652 (1986).
In the present case, Mr. Murray has failed to state a claim for abuse of process. Even taking all Mr. Murray’s allegations as true and granting him every inference that can be drawn therefrom, it is clear that he can prove no set of facts that would show an ulterior or illegitimate purpose and entitle him to relief on this claim.
As basis for his claim of abuse of process, Mr. Murray alleges that Ms. Murray has no reasonable basis to believe that he had been in possession of or disseminated her medical records. However, Ms. Murray has provided sufficient support to establish such a reasonable belief. Ms. Murray has attested that she and others received her confidential records from the Lahey Clinic. It is uncontested that both Mr. Murray and Laura Murray, Mr. Murray’s sister-in-law, worked at the Lahey Clinic. Laura Murray attests in an affidavit that she heard Mr. Murray say that he had obtained Ms. Murray’s records and was going to distribute them. This evidence supports Ms. Murray’s reasonable basis for instituting an action against Mr. Murray. It is therefore clear that Mr. Murray can prove no set of facts to show that her action was groundless. As such, Count III is dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that Ms. Murray’s motion to dismiss Mr. Murray’s counterclaim is ALLOWED as to all counts and the counterclaim is DISMISSED.

.Excluding several provisions not relevant to the issues now before the court.