The wife appeals from a modification judgment, alleging that the trial judge abused her discretion in finding countervailing equities warranted a modification as to alimony. We affirm.
1. Background. Following the filing of the wife's August 25, 2006, complaint for divorce, the parties entered into a separation agreement (agreement) on November 6, 2007. The agreement, among other things, provided that the husband was to pay the wife $575 in unallocated support per week and $1,200 per month in capped alimony. The husband on February 1, 2015, qualified for disability retirement from his job at National Grid following a total knee replacement. He then moved for a modification of his alimony obligation, which the judge granted on August 18, 2015. This appeal followed.
2. Survival. A validly entered separation agreement that expresses the parties' intent to survive the judgment of divorce should be specifically enforced, absent something more than a material change in circumstances or countervailing equities. See Knox v. Remick, 371 Mass. 433, 436-437 (1976) ; DeCristofaro v. DeCristofaro, 24 Mass. App. Ct. 231, 235-236 (1987). This ensures predictability and finality of matters in such a highly emotionally charged area of law. Ames v. Perry, 406 Mass. 236, 240-241 (1989). A judge will look to the intent of the parties to determine whether a separation agreement survived the divorce judgment, evidenced by the language of the agreement itself. Cournoyer v. Cournoyer, 40 Mass. App. Ct. 302, 305 (1996).
Here, although the judge did not expressly find the parties intended the agreement to survive the judgment,[2] this finding can be inferred based on the judge's application of the countervailing equities standard. The record supports such a finding because the agreement contained the following provision: "[T]his Agreement shall not be merged into the judgment of divorce, but shall survive such judgment and shall retain independent legal significance as a contract." It would have been reasonable for the judge to find that this provision indicates that the parties intended the agreement's survival postdivorce.
The husband claims that the wife "waived the 'survival' defense" by failing to raise it prior to trial. We are not persuaded. The issue of survival is not a defense that can be waived, as with personal jurisdiction. See Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974). Rather, survival is a matter of the judge's interpretation of the agreement's contract terms, which governs the potential modifiability of the alimony obligation. See Parrish v. Parrish, 30 Mass. App. Ct. 78, 86-88 (1991) (interpreting separation agreement according to principles of contract law to conclude trial judge's findings inadequate).
3. Countervailing equities. When a separation agreement survives, modification requires countervailing equities, or the more stringent "something more than a 'material change of circumstances' " standard. DeCristofaro, supra at 235 (citation omitted). The prototypical countervailing equities exist when one spouse may become a public charge or when the party seeking enforcement has not complied with other provisions in the separation agreement, but other changes in circumstances that are equally compelling may nevertheless qualify. See Knox, supra at 437; Stansel v. Stansel, 385 Mass. 510, 515-516 (1982). Such a change must give rise to "special equitable considerations which make relief appropriate." Ames, supra at 241.
Upon review of a trial judge's finding of countervailing equities, "[u]nless there is no basis in the record for the judge's decision, we defer to the judge's evaluation of the evidence presented at trial." Bush v. Bush, 402 Mass. 406, 411 (1988). See Parrish, supra at 89. We are limited in our review to the record put before us and only consider the parties' reasoned appellate arguments that are supported by relevant legal authorities. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See also Popp v. Popp, 477 Mass. 1022, 1023 n.1 (2017).
On this record, we conclude that the trial judge did not abuse her discretion in finding the existence of countervailing equities. The judge found that the husband was not a public charge.[3] However, the judge found that the husband suffered an "unanticipated and now permanent disability," which decreased his income "by over 50% from the time of the initial divorce and by just over 55% since October 2013." Since going on disability retirement, the unmodified alimony obligation constituted thirty percent of the husband's income. In reducing the husband's alimony obligation by approximately twenty-eight percent, the judge balanced the equities by affording the wife the assistance she needs and "granting some relief [to Husband] based on the unanticipated, involuntary and permanent major change of earning capacity."[4] See Cournoyer, 40 Mass. App. Ct. at 306-307 (upholding judge's countervailing equities finding because husband and his new wife had physical custody of incapacitated child, former wife was self-sustaining, and husband's liabilities outweighed his assets).[5]
Judgment entered August 20, 2015, affirmed.

To be precise, the judge stated: "[G]iven the Wife's failure to raise this as a defense to the Husband until the day of trial, this Court has considered the evidence submitted under a heightened standard."

The judge stated that the husband has "some assets with which to meet other needs," upon which the wife relied during oral argument. Because the wife failed to raise this claim in her brief, it is waived. See Mass.R.A.P. 16(a)(4).

The judge opined that other factors were present-the husband's new child through his remarriage and the potential for the wife to increase her income by drawing early from the husband's pension-and justifiably found that they would not warrant modification.

We have considered the remainder of the wife's claims and find nothing that warrants further discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).