CAROLYN HYDE SWIFT *vs.* STEPHEN HATHAWAY SWIFT. July 10, 1979. Prior to their divorce on March 28, 1969, by a decree of the District Court of the Virgin Islands, the parties had entered into a "settlement agreement" which provided that the wife would bear the ongoing burden of supporting the children and would receive no alimony but that the husband would transfer certain of his assets to a trust for the ultimate benefit of the children. The husband admits that, at the time ·he executed the agreement, he had no intention of carrying out its provisions. By this action in the Superior Court the wife sought and obtained a judgment ordering the husband to comply, as nearly as is now possible, with his obligations under the agreement. 1. The husband's first contention on appeal is that the agreement was merged in the divorce decree and may no longer be enforced as a contract. Such a result might be inferred by considering in isolation the words, "In the event all or any portion of this [a]greement is not incorporated in [a contemplated] divorce decree, this [a]greement shall survive as a binding [a]greement upon the parties hereto . . .;" but the words in context and in light of the circumstances are to be read as merely indicating an intention by the parties that the provisions of the agreement should remain enforceable in the event that the court should decline to incorporate all or any portion in the divorce decree or should enter a decree imposing alimony or support obligations inconsistent with those of the agreement. Absent Virgin Islands' authority on the point, we assume that its law is the same as ours. See Mass.R.Civ.P. 44.1, 365 Mass. 809 (1974); *Commercial Ins. Co.* v. *Pacific-Peru Constr. Corp.*, 558 F.2d 948, 952 (9th Cir. 1977), construing the equivalent Federal rule, Fed.R.Civ.P. 44.1. See also *Commercial Credit Corp.* v. *Stan Cross Buick, Inc.*, 343 Mass. 622, 625 (1962). Our law is that "as a general rule, unless the parties *expressly* provide otherwise, their separation agreement will be held to survive a subsequent divorce decree incorporating by reference the terms of the agreement" (emphasis supplied). *Surabian* v. *Surabian*, 362 Mass. 342, 345-346 n.4 (1972). *Feakes* v. *Bozyczko*, 373 Mass. 633, 634 n.2 (1977). 2. The children, as third-party beneficiaries of the settlement agreement, were .

not, as the husband contends, indispensable parties to the instant action. Massachusetts law, if it governs, is clear on this point. *Bettencourt* v. *Bettencourt*, 362 Mass. 1, 11 (1972). *Mills* v. *Mills*, 4 Mass. App. Ct. 273, 276 (1976). Virgin Islands cases indicate that they follow the Restatement of Contracts in third-party beneficiary law. See *Bishop* v. *Bishop*, 257 F.2d 495, 503 (3d Cir. 1958) (dissenting opinion), cert. denied, 359 U.S. 914 (1959); *Harvey Aluminum Inc.* v. *DeChabert*, 266 F. Supp. 143, 148 (D.V.I. 1967). The Restatement provides that "[w]here specific performance is otherwise an appropriate remedy, either the promisee or the beneficiary may maintain a suit for specific enforcement of a duty owed to an intended beneficiary." Restatement (Second) of Contracts § 138 (Tent. Draft No. 3, 1967) and Comment b. See also Corbin, Contracts § 1154 (1964); *Drewen* v. *Bank of the Manhattan Co.*, 31 N.J. 110, 117 (1959). 3. The husband's contention that specific enforcement of the contract would be inequitable in the circumstances here presented is, in our opinion, totally devoid of merit.

*Judgment affirmed.*

*Allan van Gestel* for the defendant.
*Norman I. Jacobs* for the plaintiff.