RICHARD B. HARRIS *vs.* CATHERINE C. HARRIS. December 9, 1986. *Divorce and Separation,* Separation agreement, Modification of judgment, Alimony.

This is an appeal from a modification judgment of the Probate and Family Court ordering that the husband's alimony obligation "shall continue at [its] present rate [$120/week] for the next eight (8) months and then shall be reduced to sixty ($60.00) dollars per week for the next eight (8) months and after this period . . . shall be eliminated." The wife claims that the husband failed to sustain his burden of demonstrating that the parties have experienced a material change in their circumstances, let alone a "more than a material change" standard (*Stansel* v. *Stansel,* 385 Mass. 510, 515 [1982]), which she argues was required to warrant a modification of the divorce judgment. She also argues that the court made erroneous findings of fact and failed to consider all of the factors set forth in G. L. c. 208, § 34, prior to entering the modification judgment.

1. The wife's assertion that the husband was required to demonstrate "more than a material change" in the parties' circumstances before the earlier judgment could be modified is incorrect. That standard is applicable when "the parties have entered into a separation agreement that was fair and reasonable when the judgment of divorce entered, was not the product of fraud or coercion, *and survives the judgment of divorce* . . ." (emphasis supplied). *Stansel* v. *Stansel,* 385 Mass. at 515. In the instant matter, the parties' separation agreement, dated October 16, 1981, provided (art. VIII, par. 4) that "[i]n the event that hereafter a judgment of divorce is entered in any court of competent jurisdiction resulting from a complaint for divorce

---

brought by either of the Parties against the other, this Agreement shall be incorporated in, merge and become part of such judgment *and shall thereafter have no independent significance"* (emphasis supplied). The judgment of divorce nisi,[1] which was entered on March 9, 1982, ordered that the separation agreement "be incorporated, merged into and made a part of [the] judgment." Similarly, the stipulation of the parties dated November 30, 1982 (which modified arts. II, III, and IV of the divorce judgment), was "incorporated, merged into and made a part of" the modification judgment entered December 21, 1982. In all other respects the original judgment remained in full force and effect.

We interpret the specific provisions of the judgments and agreements as indicating that the provisions of the agreements were not intended to survive either the divorce judgment or the 1982 modification judgment except as incorporated in those judgments. See *Surabian* v. *Surabian,* 362 Mass. 342, 345 n.4 (1972); *Swift* v. *Swift,* 8 Mass. App. Ct. 875 (1979); *Pavluvcik* v. *Sullivan,* 22 Mass. App. Ct. 581, 586 (1986). The husband, therefore, was not required to demonstrate that the parties had experienced "something more than a 'material change of circumstances' " since the earlier judgment. *Stansel* v. *Stansel,* 385 Mass. at 515 (quoting from *Schuler* v. *Schuler,* 382 Mass. 366, 368 [1981]).

2. In order for a petitioner to be successful in an action to modify a judgment for alimony or child support, he or she must demonstrate a material change of circumstances since the entry of the earlier judgment. *Schuler* v. *Schuler, supra* at 368. The change may be in the needs or the resources, or both, of the parties. *Pagar* v. *Pagar,* 9 Mass. App. Ct. 1, 2 (1980). "The determination of the extent and palpability of such change, however, lies in large measure within the discretion of the trial judge." *Heistand* v. *Heistand,* 384 Mass. 20, 26 (1981). As the Supreme Judicial Court further stated, "[t]here is no inflexible rule constraining the judge's deliberation of the equities of a modification petition. . . . The balance may shift according to the facts of each case." *Id.* at 27.

In the instant matter, the husband has custody of the couple's three children. The wife, who is forty and holds a master's degree from Boston University, works as a "homesteader," living in a log cabin and growing her own food. The husband, at the time of the modification petition in question here, had assets of at least $180,000 and an annual income of approximately $44,000. Subsequent to the entry of the 1982 modification judgment the wife inherited $125,000 in cash and jewelry worth approximately $40,000. The judge was warranted in finding that receipt of the inheritance by the wife constituted a material change in the parties' circumstances, see *Winternitz* v. *Winternitz,* 19 Mass. App. Ct. 228, 232-233

---

[1] It should be noted that the divorce was not granted under G. L. c. 208, § 1A. See *Stansel* v. *Stansel, supra* at 512-514.

(1985), and was further warranted in ordering a reduction in and eventual elimination of the husband's alimony obligation. The fact that the husband's assets and income also may have increased since 1982 does not necessarily preclude modification. *Id.* at 233. Moreover, the judge reasonably could have determined, as the husband claims, that the care of the children, of whom he had custody, had become more expensive.

The wife has invested much of her inheritance in nonincome-producing property.[2] That fact does not require a different result. The judge acted within his discretion in fashioning an order which, implicitly, requires the wife to use her assets so as to generate sufficient income to satisfy her limited needs. Although we are sensitive to the wife's need for an assured retirement income, in light of her lack of Social Security or other retirement plan coverage during the time she worked in her husband's business, we think she can provide for that need as well as her present needs, and that the judge did not unfairly balance the equities in the present circumstances.

3. As to the wife's contention that the court erred in failing to consider each of the factors set forth in G. L. c. 208, § 34, we need say only that the judge was not required to consider all the § 34 requirements (applicable to original awards of alimony and division of assets) in modifying a judgment under G. L. c. 208, § 37. See *Schuler* v. *Schuler,* 382 Mass. at 370-371; *Thompson* v. *Thompson,* 12 Mass. App. Ct. 917, 918 (1981). See also Mass.R.Dom.Rel.P. 52(a), as amended (1984).

4. There is nothing in the wife's remaining contentions which would require a reversal of the modification judgment.

The modification judgment entered September 6, 1985, is affirmed.

*So ordered.*

*Loretta Collins-Tremblay* for the defendant.
*Milton H. Raphaelson* for the plaintiff.

---

[2] The investments were made after the husband had filed his complaint for modification. The wife purchased a deferred annuity retirement fund for $65,000 and paid $40,000 for a forty-three acre parcel of land, on which she planned to build a house. She used the remaining $20,000 to pay off a debt to her aunt.

