NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-782

JOANNA L. FICO[1]

vs.

DANIEL A. DITTLER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial, a judge of the Probate and Family Court denied the father's request to modify the existing child support agreement between himself and the mother.  On appeal, the father maintains that the judge abused her discretion in determining that he alone was responsible for paying for the child's college expenses, and that the judge exhibited impermissible bias against the father.  We affirm.

Background.  We are the second panel of this court to consider the father's effort to alter the terms of his child

_____

     [1] As is our custom, we set forth the mother's name as it appears in the initial 2008 complaint, despite that later pleadings refer to her as Joanna L. Mannion.  Neither the mother nor the child participated in this appeal.

support agreement based on his changed employment; familiarity with the facts and the initial decision are assumed. See Fico v. Dittler, 102 Mass. App. Ct. 1113 (2023) (Fico I). We repeat only the essential findings by the trial judge, supplementing them as needed with undisputed facts in the record. See Pierce v. Pierce, 455 Mass. 286, 288 (2009).

The parents entered into a child support agreement in 2009 (2009 agreement), which was incorporated and merged into a judgment, under which the father was required to contribute twenty percent of his "net after tax bonus from employment" to an education fund for the child. At the time, the father was employed by Fidelity as an equity analyst and investment portfolio manager and received a significant annual bonus; by 2015, the account designated for the child's education held a total of $377,255.71.

In 2015, the parents entered into a modified child support agreement (2015 agreement), which was incorporated and merged into the judgment. The 2015 agreement stated that the "Father shall bear the entire cost of [the child's] college education, which shall be funded through Father's bonus." Between 2015 and 2019, the father earned $3.2 million in net income.

After losing his job in 2018, the father sought a modification to his child support obligations and the case was tried before a judge of the Probate and Family Court, then

2

appealed by the father. A panel of this court vacated the portions of the modification judgment pertaining to child support and college expenses and remanded the case to the trial court. Fico I, supra, slip op. at 18-19.

On remand, the trial judge amended the portion of the judgment related to college expenses as follows: "Father's request to be relieved of his obligation to pay for the child's entire college education is DENIED. Father shall pay the cost of [the child's] college education through his income and assets. For example, Father has cash in [a] bank account . . . with $515,000 in it."

Discussion. "Our review of a child support modification judgment is limited to whether the judge's factual findings were clearly erroneous, whether there were other errors of law, and whether the judge appears to have based [her] decision on the exercise of sound discretion." Lizardo v. Ortega, 91 Mass. App. Ct. 687, 691-692 (2017). "When an agreement merges, and does not survive the judgment as an independent contract, a party seeking modification [must] demonstrate . . . a 'material change of circumstances' since the earlier judgment." Huddleston v. Huddleston, 51 Mass. App. Ct. 563, 564 n.2 (2001), quoting Harris v. Harris, 23 Mass. App. Ct. 931, 932 (1986). "When the judgment to be modified incorporates an agreement of the parties, we have said that, notwithstanding that the agreement

3

does not survive the judgment as a binding contract, we nevertheless will 'review the findings to determine whether the judge gave appropriate consideration to the parties' intentions as expressed in their written agreement, . . . and to any changes in their circumstances since the last modification judgment.'" Cooper v. Cooper, 62 Mass. App. Ct. 130, 134 (2004), quoting Huddleston, supra at 568. "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation and citation omitted).

The father maintains that the trial judge erroneously denied his request to modify the college expense provision (favorably to him) while actually modifying the provision (unfavorably to him). Because, he asserts, the clauses in the language "Father shall bear the entire cost of [the child's] college education, which shall be funded through Father's bonus" are not severable, the judge failed to honor the parties' intent and erred as a matter of law. We are not persuaded.

"Father shall bear the entire cost of [the child's] college education" is an independent clause, able to be read as a complete sentence on its own, and is not dependent on the

4

nonessential clause, "which shall be funded through Father's bonus."[2]  We discern no error in the judge's implicit conclusion that the loss of the father's bonus was not a material change of circumstances that mandated a modification.  As the prior panel noted, the judge "could have appropriately treated the loss of the father's bonus income as a material change warranting modification of the requirement that the child's college expenses be paid from said bonus income [emphasis added]," Fico I, supra, slip op. at 8, but was not required to do so. Again, as before, the trial judge properly considered the totality of the parties' financial circumstances, see Emery v. Sturtevant, 91 Mass. App. Ct. 502, 508 (2017); given the father's available assets, previous substantial regular and bonus income, and investments and expenditures, the judge acted well within her discretion in concluding that the father failed to meet his burden.  See Croak v. Bergeron, 67 Mass. App. Ct. 750, 755-757 (2006) (in dismissing payor's complaint for modification, judge may consider totality of circumstances, including payor's evasiveness regarding his financial circumstances, his available assets, and his use of assets to support himself while claiming reduced ability to support

_____

[2] Sorting Out Essential and Nonessential Clauses, https://www.merriam-webster.com/grammar/usage-of-essential-and-nonessential-clauses.

5

child).  See also Crowe v. Fong, 45 Mass. App. Ct. 673, 679 (1998).

The father also claims that the trial judge erred by considering only the father's financial circumstances and not the mother's, and that the judge's findings were therefore inadequate.  As the moving party, the father bore the burden of showing changed circumstances justifying the requested change. See Croak, 67 Mass. App. Ct. at 758.  Because we conclude that it was within the judge's discretion to conclude the father failed to make this showing, we see no error.

We are equally unpersuaded by the allegations of bias. While the father may have preferred for the judge to have found otherwise, her conclusions are grounded in the evidence; as fact finder, it was within her discretion to credit or discredit the testimony and other evidence presented.  See Buster v. George W. Moore, Inc., 438 Mass. 635, 644 (2003).  The findings would not leave a reasonable person with the impression that the judge

held an impermissible bias against the father.  See Commonwealth v. Zine, 52 Mass. App. Ct. 130, 130 n.1 (2001).

Second Amended Judgment,
   entered May 25, 2023,
   affirmed.

By the Court (Green, C.J.,[3]
   Desmond & Hershfang, JJ.[4]),

Clerk

Entered:  September 5, 2024.

---

[3] Chief Justice Green participated in the deliberation on this case prior to his retirement.

[4] The panelists are listed in order of seniority.