NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12228

JOANNE M. POPP  vs.  ROBERT L. POPP.


May 31, 2017.


Divorce and Separation, Alimony, Modification of judgment.



Joanne M. Popp argues that the application of the
durational limits of the Alimony Reform Act of 2011 (act), St.
2011, c. 124, to the alimony agreement between her and her
former husband, Robert L. Popp, is unconstitutionally
retroactive.  For reasons set forth in our decision issued today
in Van Arsdale v. Van Arsdale, 477 Mass.    (2017), we conclude
that the act's durational limits are constitutional.  We address
here Joanne's claim that the Probate and Family Court judge
abused her discretion in declining to award Joanne alimony
beyond the act's durational limits.

Background.  Joanne and Robert were married in 1988 and
divorced in 1994.  They remarried in 1996 and divorced again in
2011.  The parties' separation agreement provided for Robert to
pay Joanne $12,000 per month in alimony.  The relevant alimony
provisions of the agreement merged with the divorce judgment.

In 2014, Robert sought to modify his alimony obligation,
claiming a material change of circumstances, G. L. c. 208,
§ 49 (e), because his income had decreased by fifty-five per
cent.  The judge agreed with Robert that his decreased income
was a material change of circumstances warranting modification,
and reduced the monthly alimony payments to $8,575.  The judge
also applied the act's durational limits, G. L. c. 208, § 49, to
the agreement, and ordered that based on the length of the

parties' second marriage, Robert's alimony obligation would terminate in August, 2020.

Discussion. Aside from the constitutional claim, see Van Arsdale, supra at   -   , Joanne claims that the judge abused her discretion by ordering alimony to terminate in 2020, the presumptive termination date provided for in the act.[1] See Holmes v. Holmes, 467 Mass. 653, 661 (2014) (alimony modification judgments reviewed for abuse of discretion). Specifically, Joanne claims that the judge did not consider two of the factors set forth in G. L. c. 208, § 53 (a), (ability to maintain marital lifestyle and lost economic opportunity as a result of the marriage) that the judge is obligated to consider. See Duff-Kareores v. Kareores, 474 Mass. 528, 535-536 (2016). After examining the judge's detailed written findings, we are satisfied that all of the relevant factors were considered. In regard to the two allegedly missing factors, the judge made detailed findings about Joanne's employment and earnings history throughout the parties' relationship, as well as Joanne's current financial situation; these findings support the result she reached. In sum, the judge did not abuse her discretion in concluding that Joanne failed to prove that deviation beyond the act's durational limits was required in the interests of justice at the time of the hearing on the complaint for modification.[2,3]

---

[1] Joanne Popp also appears to argue that the judge erred by not including the length of the parties' first marriage in her calculation of the length of the marriage for purposes of determining the presumptive termination date of alimony under the Alimony Reform Act of 2011 (act), G. L. c. 208, § 49 (b). She makes this argument in one footnote and in passing references in the text without citation to legal authority. This argument is therefore waived. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

[2] Prior to the presumptive termination of alimony in 2020, Joanne is free to file a motion arguing that deviation beyond the durational limits is required in the interests of justice, G. L. c. 208, § 49 (b). If she chooses to do so, the circumstances of the parties should be examined as they exist at the time such motion is filed. See George v. George, 476 Mass. 65, 70 (2016).

[3] Robert Popp requests attorney's fees and costs associated with this appeal on the basis that it was frivolous. See G. L. c. 211A, § 15. "An appeal is frivolous '[w]hen the law is well settled, when there can be no reasonable expectation of a

G. L. c. 208, § 49 (b).  See George v. George, 476 Mass. 65, 70 (2016).

Judgment affirmed.

Richard M. Novitch (Elaine M. Epstein also present) for the wife.

Patricia A. DeJuneas for the husband.

---

reversal.'"  Avery v. Steele, 414 Mass. 450, 455 (1993), quoting Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984).  Prior to this appeal (and the appeal in Van Arsdale v. Van Arsdale, 477 Mass.    [2017], also decided today), this court had not confronted the constitutionality of the act's durational limits. Accordingly, this area of law was not well settled and the appeal was not frivolous.  Robert's request is denied.