The husband, Peter J. Tarkoy, appeals from a modification judgment by a judge of the Probate and Family Court that continued alimony of $1,000 per month until September, 2017. Concluding that the judge considered the relevant factors and acted within his discretion, we affirm.[2]
1. Background. The parties were married on July 11, 1993, and the husband filed for divorce on February 23, 1999. The judgment of divorce nisi entered on December 10, 2002, ordering the husband to pay the wife, Reka C. Tarkoy, alimony of $2,500 per month. On December 23, 2008, the judge terminated alimony but later reinstated it at a reduced amount of $1,000 per month. On September 9, 2014, the husband filed the instant complaint for modification, seeking termination of his alimony obligation in accordance with the durational limits of the Alimony Reform Act (Act).[3] Trial was held on the issue of modification on July 22, 2015, and the judge entered a judgment that continued the $1,000 per month alimony order until September, 2017.[4]
2. Continuation of alimony. The Act made several substantive changes to the Commonwealth's alimony laws, including the creation of durational limits. The Act provided presumptive dates for the termination of alimony in marriages that lasted fewer than twenty years. See G. L. c. 208, § 49(b ). These durational limits can be applied retroactively to alimony judgments entered before the Act's effective date of March 1, 2012. See Chin v. Merriot, 470 Mass. 527, 536 (2015). Existing alimony awards that exceed the durational limits established by the Act can be modified upon a complaint for modification without requiring a showing of a material change of circumstance. See St. 2011, c. 124, § 4(b ).
The parties here were married for more than five years, but less than ten years. Pursuant to the durational limits in the Act, for a marriage of that length, the "alimony shall continue for not longer than [sixty] per cent of the number of months of the marriage." G. L. c. 208, § 49(b )(2). The husband contends that he has paid alimony well beyond the durational limits in the Act and his alimony obligation, therefore, should be terminated.
Nevertheless, a judge may order alimony to continue beyond the durational limit if written findings establish that deviation is "required in the interests of justice." George v. George, 476 Mass. 65, 70 (2016), quoting from G. L. c. 208, § 49(b ). "The recipient spouse bears the burden of proving by a preponderance of the evidence" that the deviation is warranted. Ibid. "Further, a judge should evaluate the circumstances of the parties in the here and now, that is, as they exist at the time the deviation is sought, rather than the situation as it existed at the time of divorce."Ibid. "Although a 'judge has broad discretion when awarding alimony under the [Act],' ... the judge must consider all relevant, statutorily specified factors, such as those set forth in G. L. c. 208, §§ 49(d ) and 53(e )." Duff-Kareores v. Kareores, 474 Mass. 528, 535-536 (2016), quoting from Zaleski v. Zaleski, 469 Mass. 230, 235 (2014). Here, the appropriate statutory factors to be considered are set forth in G. L. c. 208, § 53(e ).[5]
Although the judge did not have the benefit of the George decision at the time of the instant modification judgment, we are satisfied that the judge considered all relevant statutory factors. The judge took into account the husband's age[6] and the wife's health, fully crediting the wife's testimony regarding the physical symptoms she currently experiences that have led to her present inability to work.[7]
The judge found that the wife is unable to support herself and is in "relatively [straitened] circumstances." The judge credited the wife's testimony that when she needed money friends and family would send her some, and found that she was primarily being supported "on the largesse of family members."
The judge additionally considered the husband's sources of unearned income from several bank accounts held in his former paramour's name, as well as his continuous use of funds he oversaw from a trust established by his father. The judge was entitled to credit the testimony of the husband's former paramour that she, along with the husband, had engaged in a scheme at his behest to hide thousands of dollars of his money in accounts in her name, in an attempt to keep them from the reach of the court and the wife.[8] See Vedensky v. Vedensky, 86 Mass. App. Ct. 768, 774 (2014). The judge similarly could credit testimony that the husband had used the funds from his father's trust to travel and purchase more than one real property in Hungary in his own name. See ibid.
The judge further relied on other relevant factors, including the husband's efforts to mislead the court regarding his income and assets and "his unwillingness (except in the face of imminent incarceration for contempt) to pay his support obligation."[9] Although the judge did not address several factors enumerated in G. L. c. 208, § 53(e ),[10] there was no evidence at trial that would have supported a finding on any of these factors that would have been beneficial to the husband. We discern no abuse of discretion in the judge's decision to deviate from the presumptive duration of alimony in awarding its continuation for a fixed period of time to allow the wife to make appropriate plans for her future.[11]
3. Discovery. The husband argues that the judge erred in denying his motion to compel the wife to produce information regarding her familial financial support. The wife contends that in the past, the husband has harassed family members who have given her money, including by reporting them to the Internal Revenue Service. The husband does not refute this. The husband similarly does not challenge the judge's finding that the wife was dependent on the generosity of others, a finding amply supported by the record. In divorce cases, "[t]rial judges have 'extensive discretion ... with respect to both the process of discovery and the admission of evidence." Salten v. Ackerman, 64 Mass. App. Ct. 868, 875 (2005), quoting from Beaupre v. Cliff Smith & Assocs., 50 Mass. App. Ct. 480, 485 (2000). Accord Steinert v. Steinert, 73 Mass. App. Ct. 287, 290 (2008). We discern no abuse of discretion in the order denying the motion to compel.
Modification judgment affirmed.

Although there are several inconsistencies in the record regarding the precise date the husband's notice of appeal was filed and the date of the judgment from which the husband is appealing, we are satisfied that the appeal was timely and properly filed based on the dates provided in the Probate and Family Court's assembly of the record.

The husband also requested a termination of his obligation to pay child support. As the child is over the age of eighteen and no longer resides with the wife, the parties agree this issue is moot.

Although the husband has paid all of the alimony (through a forced sale of property), the husband requests that we order the wife to repay him for $35,000 of alimony.

The factors are "(1) advanced age; chronic illness; or unusual health circumstances of either party; (2) tax considerations applicable to the parties; (3) whether the payor spouse is providing health insurance and the cost of health insurance for the recipient spouse; (4) whether the payor spouse has been ordered to secure life insurance for the benefit of the recipient spouse and the cost of such insurance; (5) sources and amounts of unearned income, including capital gains, interest and dividends, annuity and investment income from assets that were not allocated in the parties['] divorce; (6) significant premarital cohabitation that included economic partnership or marital separation of significant duration, each of which the court may consider in determining the length of the marriage; (7) a party's inability to provide for that party's own support by reason of physical or mental abuse by the payor; (8) a party's inability to provide for that party's own support by reason of that party's deficiency of property, maintenance or employment opportunity; and (9) upon written findings, any other factor that the court deems relevant and material." G. L. c. 208, § 53(e )(1)-(9), inserted by St. 2011, c. 124, § 4(b ).

The husband was seventy-four years old and retired at the time of trial.

The wife testified that she is hard of hearing, suffers from hand tremors, and experiences constant lower back pain that prevents her from standing for long.

The husband also testified to keeping accounts in his former paramour's name, albeit for different purposes, but generally because he "didn't want it to appear that it's [his] money."

At the time the judgment was issued the husband had a contempt order against him in an amount exceeding $130,000 for unpaid child support and alimony.

The judge did not make specific findings on the factors set forth in G. L. c. 208, § 53(e )(2)-(4), (6), (7).

On August 25, 2016, the parties filed a "[s]tipulation of the [p]arties" with the Probate and Family Court. The stipulation states that it "shall represent full and final settlement for all disputes related to alimony, and child support, including interest, through September 2017." Because we affirm, we need not determine whether the stipulation waives the husband's right to attempt to recover alimony from the wife.