Following a trial, a Probate and Family Court judge issued a modification judgment that ordered the former husband, David J. Hanley, to pay alimony of $200 per week to the former wife, Katherine R. Hanley. The judgment also eliminated the husband's child support obligation of $250 per week and declined to impose a child support or education obligation on the wife, based on findings that the unemancipated child is no longer financially dependent on the wife and that the wife does not have the ability to pay for the support or education of the child. The husband appeals, claiming that the judge erred in issuing an alimony order that deviates from the presumptive durational limits without the support of sufficient findings, in determining that the husband had the ability to pay alimony, and in not attributing additional income to the wife. He also claims that the judge abused her discretion in vacating a provision of the original judgment pertaining to sharing college expenses. For the reasons that follow, we agree that the judgment of modification must be vacated and the matter remanded to the Probate and Family Court.
1. Continuation of alimony. The husband claims that there were insufficient findings to support a deviation from the presumptive durational limits of general term alimony. We agree. By statute, the duration of general term alimony is presumptively capped by formulas based on the "length of the marriage" for marriages lasting twenty or fewer years. See G. L. c. 208, § 49 (b ). An existing alimony award that exceeds the durational limits established by the Alimony Reform Act (Act) can be modified upon a complaint for modification without requiring a showing of a material change of circumstances. See St. 2011, c. 124, § 4 (b ); Chin v. Merriot, 470 Mass. 527, 536 (2015).[2] A judge may order alimony to continue beyond the durational limits if written findings based on the evidence establish that deviation is "required in the interests of justice." George v. George, 476 Mass. 65, 70 (2016), quoting G. L. c. 208, § 49 (b ). "The recipient spouse bears the burden of proving by a preponderance of the evidence" that the deviation is required in the interests of justice. George, supra. "Further, a judge should evaluate the circumstances of the parties in the here and now, that is, as they exist at the time the deviation is sought, rather than the situation as it existed at the time of divorce." Id. While a " 'judge has broad discretion when awarding alimony under the [Act],' ... the judge must consider all relevant, statutorily specified factors, such as those set forth in G. L. c. 208, §§ 49 (d ) and 53 (a )." Duff-Kareores v. Kareores, 474 Mass. 528, 535-536 (2016), quoting Zaleski v. Zaleski, 469 Mass. 230, 235 (2014). The statutory factors to be considered for deviation are set forth in G. L. c. 208, § 53 (e ).[3]
Here, it is not clear from the judge's written findings that she properly considered the factors of G. L. c. 208, § 53 (e ), before ordering a deviation from the durational limits. The judge's written findings are sparse and do not explicitly reference § 53 (e ) at all. The judge also did not make the necessary finding that deviation from the durational limits was "required in the interests of justice." Rather, the judge in her rationale for the modification judgment, stated that "[a]lthough the payment will be outside the durational limits of the Alimony Reform Statute, the court finds that based upon the foregoing there is justification." This was insufficient. See Zaleski v. Zaleski, 469 Mass. at 236 ; Heins v. Ledis, 422 Mass. 477, 481 (1996).
2. Ability to pay and need for support. The husband also claims that the judge erred in finding that he had the ability to pay alimony and in the evaluation of the wife's earning capacity. We agree. The Act "changed neither the essential purpose nor the basic definition of alimony: 'the payment of support from a spouse, who has the ability to pay, to a spouse in need of support.' " Van Arsdale v. Van Arsdale, 477 Mass. 218, 219 (2017), quoting G. L. c. 208, § 48. The judge's rationale on the husband's ability to pay stated that "[t]he husband earns $1,730 [per week] in the IT field and has the ability to pay." This finding is insufficient because the rationale is silent as to the husband's expenses and his recent decrease in pay.[4]
For the wife's earning capacity, the judge's rationale stated that the wife had "no real employable skills except[ ] for piano teaching," while also finding "that a part time minimum wage job in the retail or service industry is all that is realistically available to her." However, the judge made no finding regarding how much the wife had earned or could potentially earn from private piano teaching, which the judge found was her only employable skill. At trial, the wife testified she had previously earned fifty dollars per one hour piano lesson and had provided five to ten lessons per week. There was also no explanation as to why the wife could only work a part-time rather than a full-time job. The judge found that the wife's mental health condition had improved since the time of the divorce but that she "remains with limitations" and that she has diagnoses including Attention Deficit Hyperactivity Disorder. The judge did not explain why the wife's mental health condition caused the judge to conclude that a part-time minimum wage job was the only job "realistically available to her." The judge also attributed income of $200 per week to the wife, but made no findings on whether the imputed income was from a potential minimum wage job or whether the judge had included possible income generated from piano teaching. The Act does not "unduly limit[ ] judicial discretion so long as judges make detailed subsidiary findings of fact." Hassey v. Hassey, 85 Mass. App. Ct. 518, 533 (2014). Where there were insufficient findings of fact to support the judge's conclusions we conclude that there was an abuse of discretion.
Based on the foregoing, we vacate the modification judgment and remand this matter to the Probate and Family Court to determine whether a continuation of the alimony is in the interests of justice after considering the factors in G. L. c. 208, § 53 (e ), and if so, to determine the amount of alimony, evaluating the husband's ability to pay alimony and the wife's need for support and her ability to self-support.
So ordered.
Vacated and remanded.

Here, the parties agree that the judge erred in finding the length of their marriage to be fifteen years. The length of the marriage was fourteen years as defined in G. L. c. 208, § 48. Regardless of this error, by the time of trial, the statutory presumptive duration for general term alimony had expired. See G. L. c. 208, § 49 (b ) (3).

The factors are as follows:
"(1) advanced age; chronic illness; or unusual health circumstances of either party;
"(2) tax considerations applicable to the parties;
"(3) whether the payor spouse is providing health insurance and the cost of health insurance for the recipient spouse;
"(4) whether the payor spouse has been ordered to secure life insurance for the benefit of the recipient spouse and the cost of such insurance;
"(5) sources and amounts of unearned income, including capital gains, interest and dividends, annuity and investment income from assets that were not allocated in the parties['] divorce;
"(6) significant premarital cohabitation that included economic partnership or marital separation of significant duration, each of which the court may consider in determining the length of the marriage;
"(7) a party's inability to provide for that party's own support by reason of physical or mental abuse by the payor;
"(8) a party's inability to provide for that party's own support by reason of that party's deficiency of property, maintenance or employment opportunity; and
"(9) upon written findings, any other factor that the court deems relevant and material."
G. L. c. 208, § 53 (e ).

For example, the judge did not make any finding regarding the expense the husband incurred relative to his making college tuition payments for his unemancipated child and how that affected his ability to pay alimony. Along this same line, and given our decision to remand this case, the judge should address the husband's claim that the judge abused her discretion in vacating the provision of the parties' separation agreement pertaining to sharing college expenses.