NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-877

DEBRA J. WALSH

vs.

FRANK R. WALSH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The wife appeals from a judgment of contempt against her former husband, a judgment of modification of child support and alimony, and an order denying her motion to reconsider or amend or alter judgment and findings, which were issued by a judge of the Probate and Family Court. On appeal, the wife challenges: (1) the judge's decision not to order a remedy despite finding the husband in contempt; (2) the judge's credibility determinations and weighing of the evidence; (3) the judge's supposed failure to consider the wife's ability to support herself; (4) the judge's decision not to order the husband to transfer college funds to the parties' two children; (5) the judge's oversight of the wife's presentation of evidence; and

(6) the judge's statement that thirteen exhibits were entered into evidence at trial.[1]  We affirm.

The husband and the wife married in 1994, had two sons, and were divorced in 2009; the husband was obligated as part of the divorce judgment to pay the wife child support and alimony.  The husband filed an amended complaint for modification on February 6, 2020,[2] alleging that a decrease in his income (causing him to incur significant debt) was a material change in circumstance warranting elimination of his child support obligation for the parties' older son (then aged twenty-three); reduction (or elimination) of his child support obligation for the parties' younger son (then aged twenty-one); elimination of his alimony obligation; and elimination of the requirement that he maintain life insurance.  The wife filed an amended counterclaim for modification, requesting an increase in the husband's child support and alimony obligations, a declaration that the parties'

---

[1] The wife's brief often falls short of the level of appellate argument required by Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  It contains little citation to relevant legal authorities, does not argue within, or with regard to, the relevant standard of review, and cites inaccurately to the record.  Nevertheless, recognizing that she is self-represented, we have reviewed her arguments and the appellate record, such as it is, to reach the merits of her argument where possible.

[2] The husband's initial complaint was filed on July 29, 2019, and the wife's initial counterclaim was filed on August 14, 2019. The parties assented to allow for refiling of amended pleadings, both of which were filed on February 6, 2020.

younger son was unemancipated, and an order for the husband to maintain life insurance. In addition, the wife filed a complaint for contempt on June 22, 2020, alleging that the husband was in arrears on his child support and alimony obligations.

The judge conducted a consolidated one-day trial on May 5, 2021, at which the parties were the only witnesses.[3] After considering the evidence, the judge issued judgments resolving the modification and contempt matters, along with comprehensive findings of fact and a rationale. The judge found that the husband had overpaid child support for about seven months after filing his complaint for modification, but did not require the wife to reimburse the husband for the overpayment. The judge found the husband in contempt for terminating his child support and alimony payments on March 6, 2020, without first obtaining court approval, but declined to require the husband to reimburse the wife for those missed payments. The judge terminated the husband's child support and alimony obligations, and terminated the requirement that the husband maintain a life insurance policy for the wife's benefit.[4]

---

[3] The husband was represented by counsel; the wife represented herself, as she does here.

[4] The wife raises no claims on appeal regarding the elimination of the husband's life insurance obligation.

3

On appeal, the first set of issues raised by the wife relate to the judge's decision not to order a remedy for the husband's contempt. The wife specifically questions why the judge "did not follow through and enforce her findings" by ordering the husband to repay the missed support payments, and why the judge found she owed the husband money in the absence of a request for reimbursement from the husband. "'The purpose of civil contempt proceedings is remedial,' and the formulation of the remedy is within the judge's discretion." Eldim, Inc. v. Mullen, 47 Mass. App. Ct. 125, 129 (1999), quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 571 (1997). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The husband was found in contempt for terminating support payments between March 6, 2020, and June 25, 2020, without first obtaining court approval. A common remedy for failure to pay child support or alimony is to order the payor to make additional payments until the payee has received the arrearage due. See, e.g., Poras v. Pauling, 70 Mass. App. Ct. 535, 537 (2007). To decide the parties' modification claims, however,

4

the judge determined the amounts owed by the husband under the Massachusetts Child Support Guidelines and compared them to what the husband actually paid the wife during the relevant timeframe. Despite the missed payments, the husband was not in arrears; he overpaid his support obligations by $9,479 between August 13, 2019 (when he filed his complaint) and July 13, 2020 (when the younger son turned twenty-two). In these circumstances, the judge reasonably declined to order the husband to reimburse the wife.

The wife next raises concerns about the judge's credibility determinations and the weight she gave to the parties' financial statements, specifically that the judge credited the husband's financial statement while discrediting portions of the wife's financial statement. In declining to credit portions of the wife's financial statement, notably her self-employment income, the judge relied on the wife's testimony that she "was a little confused on a couple of things" while filling out her financial statements, and that she was "not good at doing financial statements." Determinations of credibility and evidentiary weight are matters for the fact finder (here, the trial judge), "not an appellate court." Patriot Power, LLC v. New Rounder, LLC, 91 Mass. App. Ct. 175, 181 (2017). See Commonwealth v. Rivera, 482 Mass. 259, 269 (2019) ("fact finder must determine weight and credibility of testimony"). The judge, having heard

5

the parties' testimony and reviewed the documentation they provided was in the best position to determine the parties' credibility and to weigh the evidence.  We do not disturb her findings or determinations of credibility.

We reach the same conclusion with respect to the wife's argument that the judge failed to consider the wife's ability to support herself before terminating the husband's alimony obligation.  The judge found, and the wife does not contest, that the parties had been married for 152 months (twelve years and eight months).  The presumptive maximum alimony duration under the Alimony Reform Act (act) is set at seventy percent of the number of months of the marriage, see G. L. c. 208, § 49 (b) (3), meaning that the presumptive durational limit for the husband's alimony payments was 106 months (eight years and ten months).  At the time the husband ceased making alimony payments in February 2020, he had already paid for more than ten years, longer than the presumptive maximum duration under the act.

In determining whether a deviation beyond the presumptive durational limit is "required in the interests of justice," George v. George, 476 Mass. 65, 70 (2016), quoting G. L. c. 208, § 49 (b), the judge must evaluate the circumstances at the time the deviation is sought, including "a party's inability to provide for that party's own support by reason of that party's deficiency of property, maintenance or employment opportunity."

G. L. c. 208, § 53 (e) (8).  The burden was on the wife, as the recipient spouse, to prove by a preponderance of the evidence that she had an inability to provide for herself; she did not carry that burden.  See George, supra.  As we have already noted, the judge discredited the wife's financial statement as it related to her income and found that the wife was "capable of earning income to provide for her own support."  The judge also found that the value of the wife's assets (three retirement accounts and a condominium free from any mortgage) had increased since the previous modification judgment and, based on the evidence before her, permissibly concluded that the wife was "not unable to provide for her own support by reason of deficiency of property."  Viewing the judge's findings and rationale as a whole, it is clear that the judge considered the wife's ability to support herself as required by G. L. c. 208, § 53 (e) (8), and, based on her weighing of evidence she found credible, determined that the wife could do so.

The wife also argues that the judge erred by not ordering the husband to transfer college funds to the children (or to the wife as guardian of the younger child).  However, the judge cannot be faulted for failing to address an issue that was not raised in the husband's amended complaint for modification, the wife's counterclaim for modification, or the wife's complaint for contempt.  Although the wife conducted some examination on

7

the issue, this was not a case where an issue "not raised by the pleadings [was] tried by express or implied consent of the parties."  Mass. R. Dom. Rel. P. 15 (b).  Nor can the wife raise the issue for the first time here.[5]  See Boss v. Leverett, 484 Mass. 553, 562 (2020).

The wife next raises concerns about how the judge conducted the trial, and specifically contends that she (the wife) was rushed during (and unable to complete) her cross-examination of the husband, which she alleges could "possibly [be] considered a violation of the [First] Amendment."  "[J]udges are afforded substantial latitude in pretrial and trial management." Esteraz, petitioner, 90 Mass. App. Ct. 330, 335 (2016).  "We do not consider that discretion abused unless its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice." Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).

The wife's contentions are not supported by the record, and we see no abuse of discretion in the judge's trial management. The judge stated (once the wife's cross-examination of the husband had taken approximately the same amount of time as his

---

[5] Our conclusion with respect to the educational funds does not foreclose the wife from seeking, if appropriate, relief in the trial court.

8

direct testimony) that she would give the wife "until 12:15, because I really do want to hear your testimony.  I think I would learn a lot if I could hear you testify."  The judge's remark was entirely appropriate; it expressed the judge's desire to hear all of the relevant information necessary to make an informed decision.  The judge's additional comments were merely designed to prevent the wife from asking questions that had already been answered, or from getting into irrelevant material, or from discussing matters better suited to the wife's direct testimony.  Finally, the wife's cross-examination concluded only when she stated "I'm all done," without any prompting by the judge -- a remark that contradicts the wife's claim that she was "unable to complete" her questioning.

The wife's final contention is that the judge erred by stating thirteen exhibits were entered into evidence at trial. It is unclear how many (and which) documents were exhibits, because the wife has not provided us with the uncontested documents as marked and submitted by the parties at trial. Therefore, we cannot review this argument on the record provided to us.  See Hasouris v. Sorour, 92 Mass. App. Ct. 607, 610 n.4 (2018) ("[t]he burden is on the appellant . . . to furnish a record that supports [her] claims on appeal" [citation omitted]).  Moreover, the wife has not articulated what

prejudice she suffered from the judge's supposed misstatement regarding the number of exhibits.

Judgments dated July 20, 2021, affirmed.

Order denying motion to reconsider dated November 17, 2021, affirmed.

By the Court (Green, C.J., Wolohojian & Sullivan, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  June 13, 2023.

---

[6] The panelists are listed in order of seniority.