NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-209

XIAOPENG ZHANG

vs.

YAOQIONG HAO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A judge of the Probate and Family Court issued a modification judgment in which she deviated from the presumptive durational limit on alimony set out in G. L. c. 208, § 49 (b), and ordered Xiaopeng Zhang (husband), the former spouse of Yaoqiong Hao (wife), to pay the wife alimony beyond the Alimony Reform Act's (act) presumptive duration.  The husband appeals, contending that the evidence did not support the judge's decision to deviate.  We agree that the wife failed to meet her burden of showing that the "interests of justice" required continuation of alimony under G. L. c. 208, § 49 (b). Accordingly, we vacate the modification judgment and remand with instructions.  However, nothing herein precludes the wife from

filing a subsequent complaint for modification in accordance with the act.

1. Background. The parties married on December 18, 1990, and commenced divorce proceedings on May 30, 2008. A judgment of divorce nisi entered on September 30, 2009, which incorporated the parties' separation agreement requiring, as relevant here, the husband to pay the wife $4,833.35 in monthly alimony concluding in October 2023.[1]

On October 9, 2020, the husband filed a complaint for modification in which he requested termination of alimony, alleging that the wife no longer needed alimony. On December 20, 2021, after a trial, another judge entered a modification judgment denying the husband's request to terminate alimony.

On March 31, 2023, the husband filed another complaint for modification seeking to terminate his alimony obligation to the wife. He alleged that there was a material change in circumstances warranting termination of his alimony obligation caused by his ongoing medical treatment and resulting inability to work full time.

At issue here, following a second trial, the judge found that the husband failed to meet his burden as he remained able

_____

[1] The parties stipulated that the length of the marriage was 168 months for the purposes of G. L. c. 208, § 49.

to pay alimony and continued his obligation to the wife beyond the act's presumptive durational limit.  The husband appealed.

2.  <u>Discussion</u>.  We review the judge's decision for abuse of discretion.  See <u>Van Arsdale</u> v. <u>Van Arsdale</u>, 477 Mass. 218, 223 (2017).

The act provides presumptive termination dates for general term alimony obligations for marriages lasting fewer than twenty years.  See G. L. c. 208, § 49 (<u>b</u>).  A judge may deviate from the durational limit upon a finding that the recipient spouse proved by a preponderance of the evidence that a deviation is "required in the interests of justice."  G. L. c. 208, § 49 (<u>b</u>).  See <u>George</u> v. <u>George</u>, 476 Mass. 65, 70 (2016).

The act lists several factors a judge may consider when evaluating the necessity of a proposed deviation, including a recipient spouse's "chronic illness," "unusual health circumstances," "inability to provide for [her] own support by reason of [her] deficiency of property, maintenance or employment opportunity," and "any other factor that the court deems relevant and material."  G. L. c. 208, § 53 (<u>e</u>).  A judge "must consider all relevant, statutorily specified factors," <u>George</u>, 476 Mass. at 70, quoting <u>Duff-Kareores</u> v. <u>Kareores</u>, 474 Mass. 528, 535 (2016), and "should evaluate the circumstances of the parties in the here and now; that is, as they exist at the time the deviation is sought, rather than the situation as it

existed at the time of divorce." George, supra.  In seeking a deviation beyond the presumptive duration, "[t]he recipient spouse bears the burden of proving by a preponderance of the evidence that deviation beyond the presumptive termination date is 'required in the interests of justice.'"  Id., quoting G. L. c. 208 § 49 (b).

Here, the wife failed to meet her burden of production to show that her circumstances in the "here and now" warranted a deviation.  See George, 476 Mass. at 70.  At trial, she testified to three medical conditions:  pancreatic cancer, breast cancer, and acute thyroiditis.  Though such conditions are facially significant, the wife testified that these ailments affected her ability to work until 2007, the most recent year she worked full time.  The wife did not present evidence from which the judge could draw a conclusion about her ability to work at the time of the trial.  The totality of the wife's evidence therefore fails to demonstrate that her circumstances in the "here and now" support a deviation from the presumptive termination date.  See S.S. v. S.S., 104 Mass. App. Ct. 633, 638 (2024) (vacating so much of judgment as granted deviation due to lack of evidence that recipient wife's mental health condition would affect ability to work after running of presumptive duration).

4

Consequently, the judge had no evidence upon which to make findings regarding how the wife's ailments and resulting inability to work would continue beyond the presumptive termination date. Though the act sets forth a nonexhaustive list of "[g]rounds for deviation," the trial judge cited neither those grounds nor "relevant and material" factors outside the act. G. L. c. 208, § 53 (e). Instead, the judge focused primarily on evidence relating to the husband's income and ability to pay alimony. Because it was unrelated to the wife's circumstances in the "here and now," this evidence failed to demonstrate that deviation was required "in the interests of justice." G. L. c. 208, § 49 (b). See George, 476 Mass. at 70. The judge therefore erred by deviating from the presumptive durational limit. See S.S., 104 Mass. App. Ct. at 638 ("To the extent such findings are implicit in the judge's decision, they are clearly erroneous because there is no record evidence to support them"). See also Van Arsdale, 477 Mass. at 223.

This outcome does not leave the wife without recourse. She may file a subsequent complaint for modification consistent with the requirements of the act and our cases interpreting it. The modification judgment entered December 12, 2023, is vacated. The matter is remanded for the limited purpose of (1) entering a new judgment terminating the husband's alimony obligation as of October 1, 2023, and ordering the husband to

5

pay any arrears owed through that date; and (2) determining what, if any, alimony overpayments have been made by the husband beyond October 1, 2023, and ordering reimbursement of such overpayments as the judge deems appropriate.

<u>So ordered</u>.

By the Court (Blake, C.J.,
  Hershfang & Tan, JJ.[2]),

Paul Little

Clerk

Entered:  April 2, 2025.

---

[2] The panelists are listed in order of seniority.